428 So.2d 229 (1983)
In re CERTIFICATE OF JUDICIAL MANPOWER FOR DISTRICT COURTS OF APPEAL, CIRCUIT COURTS AND COUNTY COURTS, AS REQUIRED BY ARTICLE V, SECTION 9, FLORIDA CONSTITUTION.
No. 63219.
Supreme Court of Florida.
February 17, 1983.
PER CURIAM.
Article V, section 9 of the Florida Constitution, provides:
If the supreme court finds that a need exists for increasing ... the number of judges ... it shall, prior to the next regular session of the legislature, certify to the legislature its findings and recommendations concerning such need.
For the reasons set forth below, we have determined the need for the following new judicial positions, effective August 1, 1983, for the continued, effective operation of the courts of this state.

 District Circuit County
 Court Court Court 
 Second Appellate District 1
 Fifth Appellate District 1
 Second Judicial Circuit 1
 Fourth Judicial Circuit 1
 Fifth Judicial Circuit 1
 Sixth Judicial Circuit 1 (Pasco)
 Eighth Judicial Circuit 1
 Ninth Judicial Circuit 1
 Tenth Judicial Circuit 1
 Eleventh Judicial Circuit 2 3 (Dade)
 Twelfth Judicial Circuit 1 (Sarasota)
 Thirteenth Judicial Circuit 1 1 (Hillsborough)
 Fifteenth Judicial Circuit 2 (Palm Beach)
 Seventeenth Judicial Circuit 2 (Broward)
 Eighteenth Judicial Circuit 1 (Seminole)
 Nineteenth Judicial Circuit 1 1 (Indian River)
 Twentieth Judicial Circuit 1
 ______ ______ ______
 Totals 2 11 12

*230 Because of the legislature's desire to approach the budgeting process on a biennial basis and in order to give an indication of future need based upon information currently available, we have identified a further need which will exist in fiscal year 1984-1985. We certify that there will be a need for at least the following new judicial positions, effective August 1, 1984, for the continued, effective operation of the courts of this state.

 District Circuit County
 Court Court Court 
 Second Appellate District 1
 Fourth Appellate District 1
 ______ ______ ______
 Totals 2 0 0

We point out, however, that article V, section 9, Florida Constitution, requires an annual certification of judicial need, and therefore we must reserve the right to exercise our responsibility to later certify additional judgeships for the second year of the biennium. In addition to the judgeships certified for fiscal year 1983-1984 and fiscal year 1984-1985, we have received and considered other requests for new judgeships which we have not certified. The total number of additional judgeships requested for fiscal year 1983-1984 was forty-one, and the total number requested for fiscal year 1984-1985 was seventeen.[*] Thus we are certifying sixteen fewer judgeships in the first year and fifteen fewer in the second year of the biennium than requested. This represents seventeen fewer judgeships than certified for the 1981-1983 biennium and sixteen fewer than approved by the legislature during that same period. Although at this time we do not certify the requested additional judgeships, we will continue to closely review the need for additional judges during the second year of the biennium.
Factors considered in these and any further certifications are those set forth in our March 1981 certification decision. In re Certificate of Judicial Manpower, 396 So.2d 172 (Fla. 1981). In that decision we indicated that statistics alone do not determine the need for additional judicial positions. We take this opportunity to note that summary statistics of filings, dispositions, and trials do not fully measure judicial work load. Apart from these summary items, judicial work load includes, among other things:
1. Review appellate court decisions.
2. Research legal issues.
3. Review briefs and memoranda of law.
4. Participate in court conferences on pending cases.
5. Hear and dispose of motions.
6. Prepare correspondence, orders, judgments and decisional opinions.

*231 7. Review presentence investigative reports and predispositional reports in delinquency and dependency cases.
8. Review petitions and motions for postconviction relief.
9. Carry out administrative matters relating to the court.
10. Participate in meetings with various individuals involved in the criminal justice system.
11. Participate in educational programs designed to increase the competency and efficiency of the judiciary.
In order to gather information about these certification factors and judicial work load elements, the Chief Justice and State Courts Administrator began the certification process in the fall of 1982 with visits with the chief judge, or his designee, of each court requesting additional judgeships. In an effort to reduce costs, these visits were regionalized, and the district courts of appeal were generally chosen as the site for them. Representatives of state attorneys and public defenders, county commissions, local bar associations, clerks of court, sheriffs, and legislative staff, in addition to judicial officers and personnel, participated in these certification visits.

FINDINGS

DISTRICT COURTS OF APPEAL
The district courts of appeal have experienced an 18 percent increase in filings during the past two years. The impact of recent revisions to article V is now being felt by them, and continued case load increases are anticipated.
Second Appellate District. The Second District currently has ten judges. The need for an additional judge in each year of the biennium is certified.
The Second District had the largest percentage case load increase between 1980 and 1982 and is now experiencing a growing backlog of pending cases. Filings have exceeded dispositions every year since 1980. The district continues to have a high total population, as well as a high projected population growth through 1985.
Fourth Appellate District. The Fourth District currently has nine judges. The need for one additional judge is certified for the second year of the biennium.
The Fourth District has the largest number of pending cases. In 1982, for the first time since 1978, filings exceeded dispositions. The number of current filings per judge do not support the certification of a new judgeship for fiscal year 1983-1984. It appears, however, that a new judgeship will be needed by fiscal year 1984-1985 because of the projected population growth and the high number of attorneys, which we anticipate will result in increased filings.
Fifth Appellate District. The Fifth District has had six judges since its creation in 1979. The need for one additional judge is certified for the first year of the biennium.
The Fifth District has the highest ratio of population per judge of any district and also has high attorney per judge ratio. Filings have increased each year since the Fifth District's creation. Since this is a new district, it has the highest ratio of opinions per judge. Although the disruption associated with relocation to a permanent facility adversely affected total dispositions in 1982, this is not expected to continue.

CIRCUIT AND COUNTY COURTS
Case loads continue to increase at the circuit and county court levels as our state's population and number of attorneys continue to grow. The primary considerations prompting our certification for the respective judicial circuits are as follows:
Second Judicial Circuit (Franklin, Gadsden, Jefferson, Leon, Liberty, and Wakulla Counties). There are currently eight circuit and eight county court judges in the Second Circuit. The need for one additional circuit judgeship is certified for the first year of the biennium. This is one of only two circuits which has not received an additional judgeship since article V was adopted in 1972. Because the state capitol is located here, the circuit has a high number of complex, constitutional question cases involving *232 state agencies. The circuit has the highest ratio of attorneys per judge, is very large geographically, and has two nonlawyer county judges who cannot assist with circuit court duties. There has been a sizable increase of resources for the state attorney's and public defender's offices since 1972, without additional judicial resources. There has been a significant increase in the circuit's criminal case load. In addition, the present state attorney is following a no plea bargaining policy which affects judicial work load. Defendants in jurisdictions with this policy request a jury trial in more cases than would otherwise appear to be the case, and these cases take a greater commitment of time and judicial resources than if a plea was entered. This policy is a factor to be considered in our certification.
Fourth Judicial Circuit (Clay, Duval, and Nassau Counties). There are currently twenty-four circuit and fourteen county court judges in the Fourth Circuit. The need for one additional circuit judgeship is certified for the first year of the biennium. The Fourth Circuit has not had a new judgeship since 1980 and has received only three additional circuit judgeships since the adoption of article V in 1972. Four county court judges are nonlawyers and, therefore, cannot assist with circuit work load. There is a very high ratio of filings per judge in the criminal division, exceeding 2,400 cases per judge annually. The additional judge would be available for assignment to the criminal division.
Fifth Judicial Circuit (Citrus, Hernando, Lake, Marion, and Sumter Counties). The Fifth Circuit currently has ten circuit and seven county court judges. The need for one additional circuit judgeship is certified for the first year of the biennium. The Fifth Circuit ranks first in ratios of filings, dispositions, and population per judge. It also ranks first in the combined factors, including attorneys per judge. Four of its seven county court judges cannot assist on the circuit bench. Additionally, the circuit covers a large geographic area and has a number of state institutions located within its jurisdiction. The circuit is projected to experience a very large growth in population through 1985.
Sixth Judicial Circuit (Pasco and Pinellas Counties). The Sixth Circuit currently has twenty-eight circuit and thirteen county court judges, two of whom are in Pasco County. The need for one additional county court judge for Pasco County is certified for the first year of the biennium. While case load statistics alone would not indicate the need for an additional judge in Pasco County, the Court is aware of significant geographic factors which must be taken into consideration. One of the two county court judges currently resides in the eastern part of the county and sits at the county courthouse in Dade City. The other county court judge resides in the western portion and sits at the branch courthouse in New Port Richey. There is a substantially heavier case load in the western portion. Because of the geography of the county and the distance between the courthouse and the branch courthouse, the judge in Dade City cannot effectively assist the judge in New Port Richey who is in critical need of assistance. Because the greatest future development is expected to occur in west Pasco, the already serious condition will be aggravated. Not only has the local bar been outspoken as to the critical need for an additional county court judge who will be available to assist in west Pasco, but also local law enforcement has expressed a concern about increases in serious traffic and county court cases which will further increase delay in case processing and result in a backlog of pending cases. Compared with counties of similar size, Pasco County has a very high population per judge ratio.
Eighth Judicial Circuit (Alachua, Baker, Bradford, Gilchrist, Levy, and Union Counties) The Eighth Circuit currently has eight circuit and nine county court judges. The need for one additional circuit judgeship is certified for the first year of the biennium. The circuit has experienced the largest percentage increase in filings in the state since 1980, and filings are significantly exceeding dispositions. A high number of state institutions are located in the circuit, and geographically the circuit is 100 *233 miles long and 50 miles wide. One county court judge is a nonlawyer.
Ninth Judicial Circuit (Orange and Osceola Counties). The Ninth Circuit currently has eighteen circuit and twelve county court judges. The need for one additional circuit judgeship is certified for the first year of the biennium. The circuit ranks third in ratio of attorneys per judge and has a high overall ranking of the combined factors of filings, dispositions, attorneys, and population per judge. There has been a significant growth in population since 1975, and that trend is expected to continue. The circuit also has a large transient and tourist population.
Tenth Judicial Circuit (Hardee, Highlands, and Polk Counties). The Tenth Circuit currently has thirteen circuit and eight county court judges. The need for one additional circuit judgeship is certified for the first year of the biennium. Since the circuit is large geographically, intracircuit travel is very time-consuming. Population growth in the circuit has been high and is expected to continue. The state attorney's staff has increased considerably in recent years, and he is following a no plea bargaining policy which is affecting judicial work load.
Eleventh Judicial Circuit (Dade County). The Eleventh Circuit currently has fifty-seven circuit and thirty-two county court judges. The need for two additional circuit as well as three additional county court judgeships is certified for the first year of the biennium. The circuit ranks second in the state in ratio of attorneys per judge. In addition, the circuit has experienced a significant population increase, as well as an influx of migrants. The circuit continues to have a high tourist and transient population. Dade County has evidenced a strong commitment to deal effectively with the area's high crime rate. Since 1980, there has been a 22 percent increase in police officers, and arrests have increased 36 percent. This has resulted in a significant increase in criminal filings, both at the circuit and county court level. County court judges have been assisting on the circuit bench, but must now attend to their own increasing county court case loads.
Twelfth Judicial Circuit (DeSoto, Manatee, and Sarasota Counties). The Twelfth Circuit currently has eleven circuit and six county court judges, with three county court judges being in Sarasota County. The need for an additional county court judgeship is certified for Sarasota County for the first year of the biennium. This Court has previously certified the need for an additional county court judge in Sarasota County in 1981 and in 1982. Although the legislature approved an additional circuit judgeship in each of those years, no county court judgeship has been approved. The county court case loads have continued to grow and presently rank near the top in ratio of filings per judge. There is a seven-month delay in small claim trials, and circuit court judges can no longer assist in county court due to the ever-increasing circuit court case load. The Twelfth Circuit now ranks fourth in ratio of filings per circuit judge and third in ratio of population per circuit judge.
Thirteenth Judicial Circuit (Hillsborough County). The Thirteenth Circuit currently has twenty-five circuit and ten county court judges. The need for an additional circuit as well as an additional county court judgeship is certified for the first year of the biennium. The circuit has a high overall ranking in the combined factors of filings, dispositions, attorneys, and population per circuit judge. A significant increase in the circuit criminal and juvenile categories, as well as in county criminal case filings, has been experienced. Hillsborough County ranks near the top in the state in its crime rate, and the county is also near the top in total county court filings. The circuit has received only one new circuit judge since 1979 and one county court judge since 1973.
Fifteenth Judicial Circuit (Palm Beach County). The Fifteenth Circuit currently has twenty-one circuit and ten county court judges. The need for two additional county court judgeships is certified for the first year of the biennium. The circuit has experienced a significant population increase *234 and, in addition, has a large tourist population. It ranks second in the combined factors of filings, dispositions, attorneys, and population per circuit judge, but has received three new circuit judgeships in the past two years. There is a need for additional county court resources since there has been only one new county court judge approved since 1979 and since the county ranks high in county court filings per judge. While there have been significant increases in staffs of the state attorney and public defender, county court judgeships have not increased accordingly.
Seventeenth Judicial Circuit (Broward County). The Seventeenth Circuit currently has forty-one circuit and seventeen county court judges. The need for two additional county court judges is certified for the first year of the biennium. The Seventeenth Circuit has received a total of fourteen new judgeships since 1979, more than any other circuit. Yet, the stated need for additional judgeships remains extremely high. The chief judge, his representatives, and other members of the community state that there is a legitimate justification for a further substantial increase in judicial positions. For fiscal year 1983-1984 they have requested eight additional circuit judgeships and three additional county court judgeships. For fiscal year 1984-1985 they have requested four additional circuit judgeships and two additional county court judgeships. The circuit, nevertheless, does not rank particularly high in either filings, dispositions, or population per circuit judge. Despite the 32 percent increase in circuit court judgeships since 1979, the backlog of pending circuit court cases continues to increase. There is currently a backlog of over 50,000 cases. Because there has been a significant increase in judicial positions certified and approved for the circuit in recent years and because of the need to assess the impact of these additional positions, no additional circuit judgeships are being certified. However, because of the apparent problem existing in the circuit and the high backlog of pending cases, we are requesting funding in the first year of the biennium for three full-time retired judges, and necessary support staff, who will be assigned to reduce this backlog. This would be in addition to funds otherwise appropriated for the assignment of retired judges throughout the state. The Chief Justice is also directing that the State Courts Administrator conduct an in-depth review of the circuit to determine and identify the reasons for the backlog of pending cases. The State Courts Administrator will report to the Chief Justice by October 1, 1983, on the operations of the circuit. We will then consider that report in our process of certifying the need for additional judgeships for the second year of the biennium.
The Court is certifying the current need for two additional county court judges due to the very high ratio of filings per county court judge that now exists and is projected to continue.
Eighteenth Judicial Circuit (Brevard and Seminole Counties). The Eighteenth Circuit currently has fourteen circuit and eight county court judges. The need for one additional county court judge for Seminole County is certified for the first year of the biennium. Seminole County has not had a new judgeship since 1976, and the circuit has received only one new circuit judge since 1972. Population growth has been substantial, with a high number of tourists passing through Seminole County on their way to the Disney World area. The county ranks near the top in ratio of filings per judge. There has also been a significant increase in the state attorney and public defender staffs which is affecting judicial work load.
Nineteenth Judicial Circuit (Indian River, Martin, Okeechobee, and St. Lucie Counties). The Nineteenth Circuit currently has eight circuit and six county court judgeships. The need for one additional circuit and one additional county court judgeship is certified for the first year of the biennium. The circuit has a high overall factor ranking and also has shown a significant population increase which is projected to continue. An increase in state attorney and public defender staffs is also affecting judicial work load. Indian River County has one of *235 the highest ratios of county court filings per judge in the state and has not had a new county court judgeship since article V was adopted.
Twentieth Judicial Circuit (Charlotte, Collier, Glades, Hendry, and Lee Counties). The Twentieth Circuit currently has eleven circuit and nine county court judges. The need for one additional circuit judgeship is certified for the first year of the biennium. The circuit ranks second in population per judge, has a very high ratio of trials per judge, and also has a high overall factor ranking. Three of the county court judges are nonlawyers and cannot assist on the circuit bench. The circuit covers a large geographic area and has experienced an increasing number of complex criminal cases. The state attorney's staff has increased considerably in recent years, and he is following a no plea bargaining policy which is affecting judicial work load.

CERTIFICATION
Therefore, in accordance with article V, section 9, Florida Constitution, we certify the need for the two additional district, eleven additional circuit, and twelve additional county court judgeships for fiscal year 1983-1984 and the two additional district judgeships for fiscal year 1984-1985. These judicial officers are necessary to the proper administration of justice, and we recommend they be made permanent and funded by the state. In addition, we recommend that the legislature make available funding for the assignment of three full-time retired judges to the Seventeenth Judicial Circuit for fiscal year 1983-1984 with necessary support staff. This would be in addition to funds otherwise appropriated for the assignment of retired judges throughout the state. We certify that these temporary additional resources are necessary to the proper administration of justice in that circuit. We will closely review the further need for judicial positions during the second year of the 1983-1985 biennium and will present further recommendations in this regard, if any, prior to the 1984 regular session of the legislature.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
NOTES
[*] For fiscal year 1983-1984, requests for additional judgeships included:

1. Five for the district courts of appeal: Second District  2, Third District  1, Fourth District  1, Fifth District  1.
2. Twenty-one for the circuit courts: Second Circuit  1, Fourth Circuit  1, Fifth Circuit  1, Sixth Circuit  1, Eighth Circuit  1, Ninth Circuit  1, Tenth Circuit  1, Eleventh Circuit  2, Thirteenth Circuit  2, Seventeenth Circuit  8, Nineteenth Circuit  1, Twentieth Circuit  1.
3. Fifteen for the county courts: Broward County  3, Dade County  3, Hillsborough County  1, Indian River County  1, Orange County  1, Palm Beach County  2, Pasco County  1, Pinellas County  1, Sarasota County  1, Seminole County  1.
For fiscal year 1984-1985, requests for additional judgeships included:
1. Three for the district courts of appeal: Second District  2, Fourth District  1.
2. Ten for the circuit courts: Fourth Circuit  1, Fifth Circuit  1, Sixth Circuit  1, Ninth Circuit  1, Fifteenth Circuit  1, Seventeenth Circuit  4, Nineteenth Circuit  1.
3. Four for the county courts: Broward County  2, Lee County  1, Marion County  1.