PER CURIAM.
Pursuant to article V, section 9 of the Florida Constitution, we hereby adopt Florida Rule of Judicial Administration 2.035 which sets forth the procedure for determining the need for additional judges, except supreme court justices, the necessity for decreasing the number of judges and for increasing, decreasing, or redefining appellate districts and judicial circuits, and also sets forth criteria and additional work load factors. This rule identifies criteria, factors, and the process previously devel *199 oped and utilized by this Court in making the determination of need. We also confirm our previous finding that these criteria and factors are not exclusive. Additional information may be considered when it is relevant to the determination of need or when unforeseen developments occur which have an impact on the needs of the judiciary. In re Certificate of Judicial Manpower, 428 So.2d 229 (Fla.1983); In re Certificate of Judicial Manpower, 396 So.2d 172 (Fla.1981).
This rule shall take effect on December 1, 1983. Comments or suggestions regarding this rule may be filed by any interested party on or before February 1, 1984.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
Rule 2.035 Determination of Need for Additional Judges.
(a)Statement of Purpose
The purpose of this rule is to set forth uniform criteria used by the Supreme Court in determining the need for additional judges, except supreme court justices, the necessity for decreasing the number of judges and for increasing, decreasing, or redefining appellate districts and judicial circuits, pursuant to article V, section 9, Florida Constitution. The criteria set forth in this rule have been identified and used by the Supreme Court in making this determination since article V was substantially revised in 1972. These criteria form the primary basis for our determination of need. Unforeseen developments, however, may have an impact upon the judiciary resulting in needs which cannot be foreseen or predicted by statistical projections. This Court, therefore, may also consider any additional information found by it to be relevant to the process. These criteria are considered in relation to each other, but they cannot be compressed into a mathematical formula.
(b) Criteria
1. Case load statistics based upon data supplied to the State Courts Administrator by the clerks of the circuit courts and district courts of appeal.
2. Growth, nature, and projections of population within a particular court’s jurisdiction.
3. Number of attorneys within a particular court’s jurisdiction.
4. The use and availability of retired judges to serve on a particular court.
5. The presence of non-lawyer county court judges within a particular circuit who by law cannot be assigned to assist with the circuit court case load.
6. The geographic size of a circuit, including travel times between courthouses in a particular jurisdiction.
7. The presence of state facilities and institutions in a particular jurisdiction.
8. Law enforcement activities in the court’s jurisdiction, including any substantial commitment of additional resources for state attorneys, public defenders, and local law enforcement.
9. Time since the last new judgeship was authorized for the particular jurisdiction.
10. The nature and complexity of cases coming before the courts in the jurisdiction.
11. Prior certifications which were not authorized by the legislature.
(c) Additional Work Load Factors
Because summary statistics reflective of the above criteria do not fully measure judicial work load, the Supreme Court will receive and consider, among other things, information about the time to perform and volume of the following activities, which also comprise the judicial work load of a particular jurisdiction:
1. Review appellate court decisions.
2. Research legal issues.
3. Review briefs and memoranda of law.
*200 4. Participate in court conferences on pending cases.
5. Hear and dispose of motions.
6. Prepare correspondence, orders, judgments, and decisional opinions.
7. Review presentence investigative reports and predispositional reports in delinquency and dependency cases.
8. Review petitions and motions for post-conviction relief.
9. Perform administrative duties relating to the court.
10. Participate in meetings with those involved in the justice system.
11. Participate in educational programs designed to increase the competency and efficiency of the judiciary.
(d) Certification Process
In order to gather information about these criteria and additional work load factors, the State Courts Administrator will distribute a compilation of summary statistics and projections to each Chief Judge at a time designated by the Chief Justice. Each Chief Judge will then consider these criteria, additional work load factors, and summary statistics, and submit to the Chief Justice a request for any increases or decreases under article V, section 9 of the Florida Constitution which the Chief Judge feels are required. The Chief Justice and State Courts Administrator may then visit the Chief Judge and other representatives of the court submitting the request as well as representatives of The Florida Bar and the public to gather additional information and clarification about the need in the particular jurisdiction. The Chief Justice will submit his recommendations to the Supreme Court which will thereafter certify to the legislature its findings and recommendations concerning such need.
Comment: Article V, section 9 of the Florida Constitution authorizes the establishment, by rule, of uniform criteria for the determination of the need for additional judges, except supreme court justices, the necessity for decreasing the number of judges and for increasing, decreasing, or redefining appellate districts and judicial circuits. Each year since the adoption of article V in 1972, this Court pursuant to section 9 has certified its determination of need to the legislature based upon factors and criteria set forth in our certification decisions. This rule is intended to set forth criteria and work load factors previously developed, adopted, and used in this certification process, as summarized and specifically set forth in In re Certificate of Judicial Manpower, 428 So.2d 229 (Fla.1983); In re Certificate of Judicial Manpower, 396 So.2d 172 (Fla.1981).