PER CURIAM.
The Florida Rules of Judicial Administration Committee has filed a petition to amend Florida Rule of Judicial Administration Rule 2.070(aHd) and to adopt additional rules for the certification and regulation of court reporters. This petition was filed in compliance with chapter 90-188, Laws of Florida, which directed this Court to establish standards and procedures for the qualification, certification, discipline, and training of court reporters. We have jurisdiction. Art. V, § 2, Fla. Const.
In general, the proposed rules require that court proceedings be reported by Certified Court Reporters except in situations where the chief judge enters an administrative order permitting certain types of court proceedings to be electronically recorded by a person other than a Certified Court Reporter. In establishing a procedure for certification and regulation of court reporters, the rules would create a Board of Court Reporter Certification, which would be responsible for the testing, certification, regulation, discipline, suspension, and de-certification of court reporters in Florida. In doing so, these rules would establish eligibility requirements and the nature of the test to be administered and provide a grandfather clause for the certification of current court reporters. This grandfather clause provides that, for a period of one year from the adoption of these rules, court reporters with a minimum of five years’ work experience within the state would be entitled to certification upon submission of certain letters of recommendation and an affidavit setting forth their work experience. The court reporter would then be certified without the necessity of taking any portion of the examination other than the part dealing with rules of court and the state court system.
While we, in principle, approve of a substantial portion of the proposed rules, we have the same concerns as the committee regarding the training program requirements for certain types of court reporters. The proposed rule would require certain types of court reporters to complete a prescribed course of study in a board-recognized program or school, while other types of court reporters would have no such requirement. We also have the same concern as the committee regarding the need *929 to establish procedures for disciplinary actions and the review of board decisions.
We find that any rules we adopt should be tailored to avoid adversely affecting existing local procedures which have proven to be both efficient and cost effective. For example, (1) the Eighth Circuit’s procedure for taking criminal depositions by electronic means where the deposition is monitored by a court employee with each party receiving a cassette copy of the deposition and, upon prior approval of the court, the deposition being transcribed for trial by a court employee, and (2) the pilot programs in the First and Twelfth Circuits in which court reporters in criminal proceedings are full-time, salaried employees, rather than paid on a part-salary and part-piecework basis, and utilize either a computer-aided transcription service or an electronic process for all court reporting. Our final concern is with the extent of the grandfather provision and the means to identify and approve a national examining process acceptable in lieu of a State of Florida examination.
At this time, we find that we do not have available the funds necessary to commence and implement this court reporter certification process. Accordingly, we deny the request to adopt rules for certification and regulation of court reporters at this time.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.