PER CURIAM.
The Court Repox-ter Certification Planning Committee has petitioned this Court to adopt proposed rules for certification and regulation of court reporters and to amend Florida Rule of Judicial Administration 2.070 to implement the proposed certification rules. We have jurisdiction. Art. V, § 2(a), Fla. Const. For the reasons expressed, we adopt the Committee’s proposals subject to the legislature’s providing funds for the initial costs of implementing the program.

Background

In 1990, the legislature enacted section 29.025, Florida Statutes (since recodified as section 25.383, Florida Statutes (1997)), directing this Court to establish minimum standards and procedures for qualifications, certification, discipline, and training for court reporters. The statute provides that the Court may set fees for certification and renewal to offset the costs of administration of the certification process. It also allows the Court to appoint or employ personnel to assist the Court in such regulation.
When rules and policies for such a process were initially proposed, this Court rejected them. See In re Amendments to Florida Rules of Judicial Administration-Rule 2.070(a), (b), (c), and (d)-Certification and Regulation of Court Reporters, 595 So.2d 928 (Fla.1992) (Certification opinion). This Court approved the process in concept but had concerns regarding training requirements, review of disciplinary actions of a proposed court reporter certification board, possible adverse effects on existing local procedures, grandfather clauses, funding, and the alternative of a national process. Subsequently, in November 1995, this Court established by administrative order a “Court Reporter Certification Planning Committee” to evaluate the feasibility and alternatives for a certification process for court reporters as authorized by section 25.383 and to propose relevant rules and administrative policies. In carrying out its responsibilities, the committee was directed to consider the proposed rules and materials considered by this Court in the Certification opinion, and to receive input from interested persons. The committee was directed to petition this Court for adoption of the proposed rules and related policies that it developed. Subsequently, the committee submitted its petition as directed, that petition was published in The Florida Bar News for comments, and comments were received.
According to the committee’s petition, it reached an early consensus that a mandatory certification program was necessary to ensure minimum standards of proficiency and that no interim program was warranted. The committee also stated that it has worked diligently to develop proposed rules and policies for the certification process, has consulted all of the various other rules committees, and has received input from numerous organizations and individuals. In brief, the committee proposes to amend rule 2.070 to implement the requirements of the program and create new rules, which will be numbered 13.010, et seq.; provide necessary definitions; establish the scope and purpose of the rules; create the Florida Court Reporter *1095 Certification Board, which will be responsible for administering the program; provide directions for the application process; establish minimum qualifications; provide for development and administration of an examination for applicants; establish a waiver of the examination in certain circumstances; provide for the issuance of certificates and renewal of certificates; require continuing education; provide ethical guidelines; establish criteria for disciplinary procedures, hearings, dispositions, and review; and provide reinstatement guidelines following suspension or revocation.
The comments overwhelmingly favor the adoption of the rules in concept.[1] However, the comments received raised two issues regarding the adoption of the rules: (1) whether all applicants who have not been certified previously through an approved certification process should be required to pass an appropriate examination; and (2) whether a new rule should be adopted to prohibit court reporters from charging different fees for “appellate transcripts” than for “trial transcripts.”

Grandfather Provision Issue

The committee and the comments received were divided as to the first issue, concerning the examination requirement. Under the rules as proposed, a waiver of the examination requirement is provided for (1) anyone holding a current certificate that, in the opinion of the board, is “substantially similar” to the certificates issued in this state; or (2) anyone holding a certificate issued after testing by the National Court Reporters Association; the National Stenomask Verbatim Reporters Association; or other organization that, in the opinion of the board, issues a test which reflects a similar level of proficiency. A minority of the committee members as well as the Florida Court Reporters Association have asked this Court to modify the proposed rules to provide for a more liberal “grandfather provision,” to allow experienced court reporters to exempt the examination requirement even if they do not meet these waiver provisions. They contend that experienced court reporters should be allowed to waive or be grandfathered from the examination requirements because other professions and other states have done so and because the absence of such a waiver or grandfather provision may put many experienced court reporters who specialize in one area at a disadvantage on the general skills examination.
As the committee noted in its petition, a liberal grandfather provision is irreconcilable with the justification for the mandatory certification program, which is to eliminate unqualified court reporters. Such a grandfather provision would enfranchise unqualified reporters and would fail to protect the courts and the public. That other professions have grandfather provisions does not justify the implementation of such a provision here. Many years ago, when this Court was first asked to require that all applicants seeking admission to the practice of law have a college degree and have graduated from an approved law school, we rejected that requirement, finding that other means of obtaining experience for admission to the practice of law should be permitted. See Petition of Florida State Bar Association, 134 Fla. 851, 186 So. 280 (1938). Nevertheless, we still required all applicants to have the equivalent of a high school education and to have completed approved courses in the study of law; we did not allow admission based on experience alone.
In this case, there has been no previous licensing of court reporters in Florida and there has been no minimum educational requirement for court reporters. Were we to allow experience to serve as the sole basis for exempting applicants from the examination requirement, we would be undermining the basic purpose of the certification program. We believe that the committee’s proposal provides a sufficient grandfather provision by allowing a waiver of the examination requirement for those court reporters who have obtained certificates through programs “substantially similar” to the Florida program or *1096 through an organization that administers an examination with a level of proficiency similar to the Florida examination. Notably, we do not believe our adoption of the committee’s position will create a shortage of certified court reporters in Florida. To the contrary, under the committee’s proposal, the requirements of the program will not become effective until three years after this Court adopts the certification rules. This should provide ample preparation time for all court reporters who will be required to take the examination.

Regulation of Court Reporter

Transcript Fees

Next, we address the comments requesting this Court to adopt a new rule prohibiting court reporters from charging different fees for “appellate transcripts” and “trial transcripts.” According to the comments, there is no justification for reporters to charge different rates for different types of transcripts. We decline to implement any new rule governing this issue because it was not a topic this Court asked the committee to consider in developing the certification program. Moreover, Florida Rule of Judicial Administration 2.070(f) already allows a chief judge of a circuit to establish maximum fees for court reporting services.[2] Nevertheless, we encourage the individuals who filed the comments raising this issue to ask both The Florida Bar Appellate Court Rules Committee and The Florida Bar Rules of Judicial Administration Committee to consider this issue should they wish to pursue the matter further.

Implementation

Next, we address one technical comment regarding the proposed change to rule 2.070 regarding the implementation of the certification program. According to Judge Paul Kanarek, Chief Judge of the Nineteenth Circuit, the proposed changes may limit proceedings that may be electronically recorded because the proposed rale provides that chief judges may authorize electronic recording of “certain judicial proceedings, including depositions, that are otherwise to be reported by a certified court reporter.” Because the rule does not adequately define “certain judicial proceedings,” a fear exists that the committee’s proposal may have unintentionally limited which judicial proceedings may be electronically recorded. To clarify this confusion, we adopt Judge Kana-rek’s suggestion that the word “certain” be changed to the word “any.”

Startup Funds

Finally, we address one concern not raised by any of the comments. Section 25.383 provides that this Court may set fees for certification and renewal to offset the costs of administration of the certification process. In accordance with that provision, the proposed rules contemplate that the certification board will be self-supporting and allow the board to recommend to this Court the fees necessary to sustain the program. While we believe that the program will eventually be self-supporting, we are concerned as to what funding is available for the initial administrative costs needed to implement the program. Consequently, we are adopting the proposed rules subject to a legislative appropriation being provided that is sufficient to cover the costs of implementing the program.
*1097 Accordingly, we adopt the committee’s proposal as modified in the appendix to this opinion subject to the legislature’s providing funds for the initial costs of implementing the program. In adopting these rules, we wish to extend our sincere appreciation to the many individuals who worked diligently to reach an acceptable and workable certification program for court reporters. We especially wish to thank the Court Reporter Certification Planning Committee and The Florida Bar Rules of Judicial Administration Committee. New rules 13.010, et seq., shall become effective 12:01 a.m., July 1,1999, and the amendments to rule 2.070 shall become effective 12:01 a.m., July 1, 2002, provided the legislature appropriates sufficient funds to cover the initial costs of implementing the program before July 1, 1999. The Court Reporter Certification Planning Committee shall report to this Court by June 1, 1999, the status of any legislative appropriations for the program. Additions are indicated by underlining; deletions are indicated by strike-through.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.
APPENDIX
FLORIDA RULES FOR CERTIFICATION AND REGULATION OF COURT REPORTERS
Rule 13.010. Definitions
(a)Court Reporting; Reporting. “Court reporting,” or “reporting,” means the act of making a verbatim record of the spoken word, whether by the use of written symbols, stenomask equipment or electronic devices, in any proceeding pending in any of the courts of this state, including all discovery proceedings conducted in connection therewith, and all proceedings required by statute to be reported by a certified or official court reporter. It does not mean either the act of taking witness statements not intended for use in court as substantive evidence, or the act of electronic recording and transcription of proceedings as provided for in Florida Rule of Judicial Administration 2.070(d).
(b) Certified Court Reporter. A “Certified Court Reporter” is a person who has satisfied the requirements established by the Florida Court Reporter Certification Board and received a certificate attesting to that fact, and is entitled to use the designation “CCR” only in connection with the reporting methodology by which those requirements were satisfied (i.e., “CCR-Stenographic,” “CCB-Stenomask,” “CCR-Electronic”).
(c) Board. “Board” means the Florida Court Reporter Certification Board.
(d) Court. “Court” means any county, circuit or appellate court of this state.
Rule 13.020. Purpose
These rules are intended to ensure proficiency in the practice of court reporting, a profession which plays a critical role in the judicial system of this state, by establishing a minimum acceptable level of competence for those engaged in that profession.
Rule 13.030. Scope
These rules apply to all persons engaging in the practice of court reporting.
Rule 13.040. Florida Court Reporter Certification Board
(a) Board Composition. The Florida Court Reporter Certification Board is hereby created, to supervise the examination, certification, and conduct of persons engaged in court reporting. The board shall be under the supervisory authority of the Florida Supreme Court. It shall be composed of 11 persons, appointed by the chief justice as follows:
(1) two members of The Florida Bar engaged in the practice of law in the courts of this state;
(2) either 1 county or 1 circuit judge;
(3) one district court of appeal judge;
(4) one trial court administrator; and
(5) six court reporters, at least 3 of whom shall be shorthand reporters, at least 1 of whom shall be a stenomask reporter, and at least 1 of whom shall be an electronic reporter.
*1098 (b) Staff. Such staff as may be necessary to permit the board to carry out its duties shall be provided by the Office of the State Courts Administrator.
(c) Officers; Quorum. Annually, the board shall elect 1 of its members to servé as chair, and 1 to serve as vice-chair. A majority of the board shall constitute a quorum.
(d) Vacancies. Any vacancy on the board shall be filled according to subdivision (a). A person appointed to Sil a vacancy shall serve for the remainder of the term of the member being replaced.
(e) Terms. The initial terms of board members shall be as follows:
(1) one year: the court-administrator member, and 2 court-reporter members;
(2) two years: 1 .judicial member, 1 Florida-Bar member, and 2 court-reporter members;
(3) three years: 1 judicial member, 1 Florida-Bar member, and 2 court-reporter members.
Following the initial terms, all terms shall be 3 years, and all court-reporter members shall be Certified Court Reporters. Board members shall be eligible for reappointment. However, no person shall serve more than 2 consecutive terms.
(f) Duties. The duties of the board shall include the following:
(1) The board shall be responsible for the testing, certification, regulation, discipline, suspension, and decertification of court reporters.
(2) The board shall have the authority to adopt rules governing its operating procedures.
(3) The board may make recommendations to the Florida Supreme Court regarding the amendment of these rules.
(g) Fees. The board shall have authority to recommend to the Florida Supreme Court such fees as the board may deem necessary to permit it to carry out its duties, including, but not limited to, application fees, examination fees, and certification renewal fees. All such fees shall be paid within the time specified by the board, shall be made payable to the State of Florida, and shall be non-refundable.
(h)Records. The board shall maintain records' and minutes of its meetings and all other official actions. It shall also maintain a record of all continuing education credits earned by Certified Court Reporters, and a registry containing the names, addresses, dates of certification, methods of reporting, and identification numbers of all Certified Court Reporters.
(i)Expenses. Members of the board shall serve without compensation. However, they shall be reimbursed for all reasonable expenses incurred in the performance of their duties, in compliance with all rules and statutes governing such reimbursement.
Rule 13.050. Application for Certification
All applicants seeking certification shall apply on a form approved by the board and pay the fee established by the board.
Rule 13.060. Qualification
All applicants for certification must establish to the board’s satisfaction that they are at least 18 years of age; that they have either graduated from high school or earned a general equivalency diploma; that they are of good moral character; and that they have read, and are familiar with, Florida rules of court bearing on the practice of court reporting. In addition, all applicants must either take and pass an examination prescribed by the board, or satisfy the board that they qualify for waiver of the examination requirement pursuant to rule 13.080(a) or (b).
Rule 13.070. Examination
The board, or such entity or entities to which it may delegate such authority, shall develop and administer an examination to all applicants seeking Certified Court Reporter certification, to ensure that such applicants possess a satisfactory level of proficiency in making a verbatim record of .judicial, and related, proceedings. The examination shall be administered not less than twice each year, at such times and places as may be designated.
*1099 Rule 13.080. Waiver of Examination Requirement
Upon the presentation of proof satisfactory to the board, the examination requirement shall be waived for the following persons:
(a) anyone holding a current certificate which, in the opinion of the board, is similar to the Certified Court Reporter certificate and has been conferred by another state or the District of Columbia, provided that the examination requirements are substantially similar to those of this state;
(b) anyone holding a current Registered Professional Reporter Certificate issued after testing by the National Court Reporters Association, a current Certified Verbatim Reporter Certificate issued after testing by the National Stenomask Verbatim Reporters Association, or a current certificate issued after testing by any organization which, in the opinion of the board, reflects a similar level of proficiency.
Rule 13.090. Issuance of Certificate
Upon satisfactory completion of the specified prerequisites, the board shall issue to an applicant a certifícate as a Certified Court Reporter, which shall include an identification number and shall specify the reporting methodology by which certification was accomplished, i.e., stenographic, stenomask, or electronic. Once issued, the certificate shall remain valid unless suspended or revoked by the board.
Rule 13.100. Renewal of Certificate
(a) Annual Renewal Fee. Each Certified Court Reporter shall pay an annual certificate renewal fee, in an amount set by the board. A certificate shall be suspended automatically upon nonpayment, but shall be reinstated upon application to the board, accompanied by payment, made within 60 days of the date of suspension. Upon expiration of the 60-day grace period, any request for reinstatement must be made pursuant to rule 13.190.
(b) Notification. The board shall notify all Certified Court Reporters in writing of the expiration date of their certificate at least 90 days before such date. Notice shall be by regular United States mail, directed to the last mailing address on file with the board.
Rule 13.110. Continuing Education
(a) Requirement. Each Certified Court Reporter shall earn at least 30 continuing education credits every 3 calendar years. Application for approval of the preceding years’ continuing education credits shall be made in writing, on a form to be furnished by the board, when the annual certificate renewal fee is paid.
(b) Approved Programs. The board shall maintain a list of approved continuing education programs. Approval of any educational program or activity not listed shall be subject to the board’s discretion.
Rule 13.120. Prohibited Conduct Generally
The following conduct is prohibited, and may lead to disciplinary action:
(a) accepting employment knowing that a conflict of interest exists, or continuing employment after becoming aware of the existence of a conflict of interest;
(b) partiality toward, or prejudice against, any participant in any matter which is the subject of employment;
(c) giving or receiving gifts in any manner connected with any employment;
(d) failing to disclose to the appropriate party any present or past business, financial, professional, family, or social relationship which might reasonably create an appearance of partiality in any matter which is the subject of employment;
(e) failing to take steps necessary to ensure the confidentiality of information classified as such, and entrusted to one’s possession in connection with any employment;
(f) accepting, or failing to resign from, employment believed to be beyond one’s level of knowledge, skill, or competence;
(g) failing timely to deliver transcripts;
(h) failing to prepare an accurate transcript;
(i) failing promptly to notify all other parties when a party orders one’s work product, provided that the work product is of such a *1100 nature that it might have been ordered by any party;
Ci) failing to offer the same services to all parties to the same proceeding;
(k) disseminating misleading or deceptive information regarding one’s qualifications;
(l) violating any duty imposed by statute, rule, or order of court;
(m) engaging in conduct proscribed by rule 13.130.
Rule 13.130. Conduct Warranting Suspension or Revocation of Certification
A certificate issued pursuant to these rules may be suspended or revoked for any of the following reasons:
(a) conviction of a felony, or of a misdemeanor involving moral turpitude, dishonesty, or false statement;
(b) fraud, dishonesty, or corruption which is related to the functions and duties of a Certified Court Reporter;
(c) continued false or deceptive advertising after receipt of a cease and desist notice from the board;
(d) alcohol or drug abuse which interferes, or poses a serious threat of interference, with the performance of the duties of a Certified Court Reporter;
(e) physical incapacity or mental instability which interferes, or poses a serious threat of interference, with the performance of the duties of a Certified Court Reporter;
(f) gross incompetence, or unprofessional or unethical conduct;
(g) willful, substantial, or repeated violation of any duty imposed by statute, rule, or order of court;
(h) fraud or misrepresentation in obtaining or renewing certification;
(i) noncompliance with continuing education requirements;
Cl) nonpayment of renewal fees.
Rule 13.140. Disciplinary Procedures
(a) Initiation. Disciplinary proceedings may be initiated either by a sworn complaint asserting a violation of these rules, or by the board, on its own motion.
(b) Probable Cause; Notification. If a majority of the board finds probable cause to believe that a violation of these rules has occurred, it shall send written notice thereof, identifying the rule or rules alleged to have been violated, to the Certified Court Reporter by certified United States mail directed to the last mailing address on file with the board.
(c) Response. Within 30 days of the issuance of a finding of probable cause, the Certified Court Reporter shall file a written response with the board. If the Certified Court Reporter does not respond, the violations identified in the finding of probable cause shall be deemed admitted.
(d) Board Review. Within 60 days after the filing of the written response to the finding of probable cause or within 60 days following the expiration of the time within which to file a response if none is filed, the board shall review the complaint, the finding of probable cause, the response (if any), and any other pertinent materials, and decide whether to (i) dismiss the proceeding; (ii) issue a proposed disposition; or (iii) set a hearing. The board shall promptly send written notice of its decision to the Certified Court Reporter, by certified United States mail.
(e) No Hearing Demanded. A proposed disposition issued pursuant to subdivision (d)(ii) shall become final unless the Certified Court Reporter demands a hearing within 30 days of the date on which it was issued.
(f) Timing of Hearing. Absent good cause, no hearing shall take place less than 30 days, or more than 90 days, from the date of notice pursuant to subdivision (d)(iii) or of the Certified Court Reporter’s demand pursuant to subdivision (e).
(g) Identity of Complainant. Upon written request filed with the board after a hearing has been set, the board shall promptly reveal to the Certified Court Reporter the identity of the complaining party.
(h) Legal Representation. The Certified Court Reporter may be represented by an attorney at any stage of the proceeding. *1101 The Certified Court Reporter shall be responsible for all of his or her costs and expenses, including attorney fees.
Rule 13.150. Disciplinary Hearings
(a) Pre-hearing Discovery. Pre-hearing discovery shall not be permitted unless expressly authorized by the board, in response to a written request.
(b) Rules of Evidence. Strict rules of evidence shall not apply. The board may, in its discretion, consider any evidence presented, including affidavits, giving such evidence the weight it deems appropriate.
(c) Hearings to be Reported. The board shall ensure that all hearings are reported-
id) Hearing Procedure. At the hearing, both the board and the Certified Court Reporter shall be afforded the opportunity to introduce documents and other relevant evidence, and to elicit sworn testimony.
(e) Board Deliberations. Following the presentation of evidence, the board shall deliberate regarding its decision. Such deliberations shall take place in private.
(f) Finality of Decision; Rehearing. Unless the Certified Court Reporter files a request for rehearing within 30 days of the date of the decision, the decision shall become final without further action. If a timely request for rehearing is filed, the decision shall not become final until the request has been disposed of by written decision, a copy of which shall be sent to the Certified Court Reporter by certified United States mail.
Rule 13.160. Disciplinary Dispositions
(a) Burden of Proof. If the board finds that there is clear and convincing evidence that the Certified Court Reporter has violated one or more of these rules, it shall impose such discipline as it may deem appropriate, consistent -with these rules.
(b) Vote Required; Notification. All decisions of the board shall be by majority vote, in writing and, if adverse to the Certified Court Reporter, shall contain factual findings supporting the decision. A copy of the decision shall be sent to the Certified Court Reporter by certified United States mail.
(c) Sanctions. ■ Discipline may consist of one or more of the following:
(1) a private reprimand;
(2) a public reprimand;
(3) the imposition of costs and expenses incurred by the board in connection with the proceeding, including investigative costs;
(4) restitution;
(5) requiring that specified continuing education courses be taken;
(6) requiring that one or more parts of the Certified Court Reporter certification examination be successfully taken, or retaken;
(7) limiting the scope of practice;
(8) requiring that work be supervised;
(9) suspension of certification for a period not to exceed 1 year;
(10) revocation of certification.
Rule 13.170. Confidentiality of Disciplinary Proceedings
When a disciplinary proceeding is either dismissed or results in a private reprimand, all records of the proceeding shall remain confidential; otherwise, all such records shall become public when the board’s decision becomes final.
Rule 13.180. Review of Adverse Disciplinary Dispositions
Within 30 days of a final adverse disciplinary disposition after a hearing, the Certified Court Reporter may seek review by filing a written request, addressing the merits, with the clerk of the Supreme Court of Florida. Review shall be by the chief justice, or by such other person or persons as may be designated by the chief justice, who may take such action as is deemed appropriate, which action shall not be subject to further review.
Rule 13.190. Reinstatement
A Certified Court Reporter whose certificate has been suspended or revoked may apply in writing for reinstatement. Such request shall explain why the applicant believes that he or she should be reinstated, and shall be accompanied by a renewal fee in an amount set by the board. Whether to grant or to deny such a request shall rest in the sole and absolute discretion of the board. *1102 The board may impose such conditions upon. reinstatement as it deems appropriate.
Florida Rules of Judicial Administration
Rule 2.070. Court Reporting
(a)Court Reporting-Services,
(1) The chief judge, after consultation with the circuit court and county court judges in the circuit, shall enter an administrative order developing and implementing a circuit wide plan for the court reporting of all proceedings required to be reported at public expense using either full or part time court employees or independent contractors. The plan shall ensure that all court reporting services are provided by qualified persons. This plan may provide for multiple service delivery strategies if they are necessary to ensure the efficient provision of court reporting services.
(2) Each circuit’s plan for court reporting services-shall.be- developed-after- consideration-of-gnideIines-issued-by-the-Oifice-of4he State-Gourts4hdministratoiv
Definitions.
(1) “Court reporting” means the act of making a verbatim record of the spoken word, whether by the use of written symbols, stenomask equipment, or electronic devices, in any proceedings pending in any of the courts of this state, including all discovery proceedings conducted in connection therewith, and all proceedings required by statute to be reported by a certified or official court reporter. It does not mean either the act of taking witness statements not intended for use in court as substantive evidence, or the act of electronic recording and transcription of proceedings as provided for in subdivision (h)(3).
(2) “Certified Court Reporter” means a person certified as such by the Florida Court Reporter. Certification Board in accordance with the Florida Rules for Certification and Regulation of Court Reporters.
(b) When Court Reporting Required. All criminal and juvenile proceedings, and any other judicial proceedings required by law or court rule to be reported at public expense, shall be reported. Any proceedings shall be reported by a Certified Court Reporter on the request of any party. The party so requesting shall pay the reporting fees, but this requirement shall not preclude the taxation of costs as authorized by law. Testimony in grand jury proceedings shall be reported stenographically or by an electronic recording device. Other parts of grand jury proceedings, including deliberations and voting, shall not be reported. No transcription of testimony may be made unless required by an order of a court of competent jurisdiction. The stenographic records, electronic recordings, and transcripts of grand jury proceedings shall be filed with the clerk of the court who shall keep them in a sealed container not subject to public inspection.
(c) Certified Court Reporter Requirement. All court reporting must be performed by a Certified Court Reporter, except: (1) for depositions taken outside the state before a duly appointed commissioner or before an out-of-state court reporter agreed to by all parties; (2) as otherwise provided herein with respect to court reporting services provided in mental health proceedings or at public expense; and (3) any proceedings reported prior to the effective date of this rule. No verbatim record of any proceedings created in violation of this rule may be filed or used in any court proceeding. Any violation of this rule is punishable as contempt of court.
(d) Record. When trial proceedings are being reported, no part of the proceedings shall be omitted unless all of the parties agree to do so and the court approves the agreement. When a deposition is being reported, no part of the proceedings shall be omitted unless all of the parties and the witness so agree. When a party or a witness seeks to terminate or suspend the taking of a deposition for the time necessary to seek a court order, the court reporter Certified Court Reporter shall discontinue reporting the testimony of the witness.
(d) Electronic Reporting
(1)- -A chief judge -who-deems -it appropriate or necessary may include provisions in the plan authorizing- the use -of-electronic reporting for any judicial proceedings, including *1103 depositionS)-required to be reported. Appropriate procedures- shall-be-preseribed-in-the order-wfaich shall:
(A) set forth responsibilities for the court’s ord of proceedings)
(B) provide a means to have the recording transcribed) either in whole or in parQ when necessary for an appeal or for fur-
(C) provide for safekeeping of such recordings. — The order-shali-be uniform in and for all courts throughout the territorial jurisdiction of the judicial circuit and-shali be recorded.
(2)The presiding judge in a specific case, however) may require a stenographic reporter) if available) or either party may provide and pay for the cost of a stenographic reporter, — Such court reporter shall be subject to the-orders — of—the court and directions — to transcribe the record from all parties*
(e)-Videotaped — and—Non-stenographic Depositions. — The judges of the circuit by raaj ority-vote ■ -may -adopt-an-administrative order governing the use of videotaped-depositions and authorizing that the testimony at a deposition be recorded by other than stenographic means for use in any court proceedings. — The order-shall-designate-the-manner of recording, preserving, and filing of depositions, and may include other provisions to ensure -that the recorded testimony will be aeeur-ate-and trustworthy. — The order shall, subject to the provisions of rule 1.280(c) of the-Florida'-Rules of Civil Procedure, be automatically applicable upon the giving of notice of taking any videotaped or non-stenographic-deposition, but may be modified by the presiding-judge-upongthe-applieation-of any party. — The order shall be uniform in aBd-for-all-eourts-throughout-the-territorial jurisdiction of the-judicial circuit and shall-be recorded.
(f)(e) Fees. The chief judge shall have the discretion to adopt an administrative order establishing maximum fees for court reporting services not covered in the plan adopted pursuant to subdivision (a)(h)(2). Any such order must make a specific factual finding that the setting of such maximum fees is necessary to ensure access to the courts. Such finding shall include consideration of the number of court reporters in the county or circuit, any past history of fee schedules, and any other relevant factors.
(ffXf) Transcripts. Transcripts of all judicial proceedings, including depositions, shall be uniform in and for all courts throughout the state. The form, size, spacing, and method of typing transcripts are as follows:
(1) All proceedings shall be typed or printed on paper 8-1/2 inches by 11 inches in size, prepared for binding at the top or on the left margin.
(2) All margins, measured from the edge of the paper, shall be no more than 1 inch from the top, no more than 1-1/8 inches at the left side and I inch at the right side for type or print of 9 characters to the inch, and no more than 1-3/4 inches at the left side and y¡ inch at the right side for type or print of 10 characters to the inch.
(3) There shall be no fewer than 25 typed or printed lines per page and all typing or printing shall be double spaced, with all lines numbered 1 through 25, respectively, and with no more than a double space between paragraphs.
(4) Type size or print shall be pica or comparable type or print of no fewer than 9 or 10 characters to the inch.
(5) Colloquy material shall begin on the same line following the identification of the speaker, with no more than 2 spaces between the identification of the speaker and the commencement of the colloquy. The identification of the speaker in colloquy shall begin no more than 10 spaces form the left margin, and carry-over colloquy shall be indented no more than 5 spaces from the left margin.
(6) Each question and answer shall begin on a separate line no more than 5 spaces from the left margin with no more than 5 spaces from the “Q” or “A” to the text. Carry-over question and answer lines shall be brought to the left margin.
(7) Quoted material shall begin no more than 10 spaces from the left margin with *1104 carry-over lines beginning no more than 10 spaces from the left margin.
(8) Indentations of no more than 10 spaces may be used for paragraphs, and all spaces on a line as herein provided shall be used unless the testimony of the speaker ends short of marginal requirements.
(9) One-line parenthetical may begin at any indentation. Parentheticals exceeding 1 line shall begin no more than 10 spaces from the left margin, with carry-over lines being returned to the left margin.
(10) Individual volumes of a transcript, including depositions, shall be no more than 200 pages in length, inclusive of the index.
(11) Deviation from these standards shall not constitute grounds for limiting use of transcripts in the trial or appellate courts.
(faXg) Reporter as Officer of Court. A court reporter Certified Court Reporter is an officer of the court for all purposes while acting as a reporter in a judicial proceeding or discovery proceeding. The court reporter Certified Court Reporter shall comply with all rules and statutes governing the proceeding that are applicable to court reporters.
(h) Court Reporting Services Provided in Mental Health Proceedings or at Public Expense.
(1) When Reporting Required. All criminal and juvenile proceedings, and any other judicial proceedings required by law or court rule to be reported at public expense, shall be reported.
(2) Circuit Plan. The chief judge, after consultation with the circuit court and county court judges in the circuit, shall enter an administrative order developing and implementing a circuit-wide plan for the court reporting of all proceedings required to be reported at public expense using either full or part time court employees or independent contractors. The plan shall ensure that all court reporting services are provided by qualified persons. This plan may provide for multiple service delivery strategies if they are necessary to ensure the efficient provision of court reporting services. Each circuit’s plan for court reporting services shall be developed after consideration of guidelines issued by the Office of the State Courts Administrator.
(3) Electronic Recording and Transcription of Proceedings Without Certified Court Reporters. A chief judge may enter a circuit-wide administrative order, which shall be recorded, authorizing the electronic recording and subsequent transcription by persons other than Certified Court Reporters, of any judicial proceedings, including depositions, that are otherwise required to be reported by a Certified Court Reporter. Appropriate procedures shall be prescribed in the order which shall:
(A) set forth responsibilities for the court’s support personnel to ensure a reliable record of the proceedings;
(B) provide a means to have the recording transcribed, either in whole or in part, when necessary for an appeal or for further use in the trial court; and
(C) provide for the safekeeping of such recordings.
The presiding judge in a specific case, however, may require a Certified Court Reporter, if available, or either party may provide and pay for the cost of a Certified Court Reporter. Such Certified Court Reporter shall be subject to the orders of the court and directions to transcribe the record from all parties.
(4) Grand Jury Proceedings. Testimony in grand jury proceedings shall be reported by a Certified Court Reporter, but shall not be transcribed unless required by order of court. Other parts of grand jury proceedings, including deliberations and voting, shall not be reported. The Certified Court Reporter’s work product, including stenographic notes, electronic recordings, and transcripts, shall be filed with the clerk of the court under seal.

. Only one comment was received in opposition to the adoption of the proposed rules. According to the comment, this Court has no authority to regulate court reporters under the Florida Constitution because such authority is a function of the legislature. Given the legislative enactment of section 25.383 directing this Court to adopt rules and policies regulating court reporters, this argument is without merit.

. Rule 2.070 provides in pertinent part as follows:
(a) Court Reporting Services.
(1) The chief judge, after consultation with the circuit court and county court judges in the circuit, shall enter an administrative order developing and implementing a circuit-wide plan for the court reporting of all proceedings required to be reported at public expense using either full or part time court employees or independent contractors. The plan shall ensure that all court reporting services are provided by qualified persons. This plan may provide for multiple service delivery strategies if they are necessary to ensure the efficient provision of court reporting services.
[[Image here]]
(0 Fees. The chief judge shall have the discretion to adopt an administrative order establishing maximum fees for court reporting services not covered in the plan adopted pursuant to subdivision (a). Any such order must malee a specific factual finding that the setting of such maximum fees is necessary to ensure access to the courts. Such finding shall include consideration of the number of court reporters in the county or circuit, any past history of fee schedules, and any other relevant factors.
(Emphasis added.)