370 So.2d 365 (1979)
In re CERTIFICATION UNDER ARTICLE V, SECTION 9, FLORIDA CONSTITUTION, TO REDEFINE APPELLATE DISTRICTS AND TO INCREASE the NUMBER OF JUDGES ON THE DISTRICT COURTS OF APPEAL.
No. 56422-A.
Supreme Court of Florida.
April 2, 1979.
PER CURIAM.
For the reasons set forth in detail below, the Court has determined pursuant to article V, section 9 of the Florida Constitution, that a fifth judicial district should be created in Florida by redefining the boundaries of the existing districts, and that the following ten new judicial positions are needed for the continued, effective operation of the district courts of appeal of this state, all effective July 1, 1979.

*366
Districts Judges
Second District 3
(Comprising the 6th, 12th, 13th and
20th judicial circuits)
Third District 2
(Comprising the 11th and 16th
judicial circuits)
Fourth District 2
(Comprising the 15th, 17th, and
19th judicial circuits)
Fifth District 3
(Comprising the 5th, 7th, 9th, 10th,
and 18th judicial circuits)

In July 1978, the chief justice appointed a Commission on the Florida Appellate Court Structure composed of judges, lawyers, laymen, and legislators to determine the needs of the appellate courts of the state in light of current and prospective litigation patterns. Last month, the commission filed its final report with the Court, and copies have been distributed to each member of the legislature in conjunction with this certification. By this certification, the Court has formalized its approval of the commission's recommendations for a realignment of the state's appellate districts and for the creation of additional district court judgeships.

(1) Additional judges.

The Court concurs fully with the commission's conclusion that existing caseload levels in the district courts of appeal are unmanageable. Appellate judges cannot, by any standard, adequately bear the initial responsibility for review of more than 250 cases per judge, annually. The addition of jurisdiction to hear workmen's compensation appeals, also recommended by both the commission and the Court, will aggravate a situation which now, despite administrative innovations to expedite decisions, nonetheless causes intolerable delays and backlogs in the district courts of appeal.
The Court has pared the commission's recommendation for three additional judgeships in the Third District Court of Appeal to two new positions. That court generally has available the regular services of one retired judge, and the members of that court have in any event indicated a concern for the administrative difficulties of enlarging the court to ten.
The Court's request that ten positions be added to the district courts is integrated with recommendations elsewhere proposed, in particular the Court's recommendation for abolition of the five-person Industrial Relations Commission which now hears appeals from workmen's compensation proceedings. These combined proposals have the practical and fiscal effect of adding only five additional judicial positions to the state's appellate structure.
The creation of the new judgeships we have certified will result in five district courts of appeal composed of the following judicial personnel:
First District  7 judges (all presently sitting)
Second District  8 judges (5 of 7 presently sitting and 3 to be added)
Third District  9 judges (7 presently sitting and 2 to be added)
Fourth District  8 judges (6 of 7 presently sitting and 2 to be added)
Fifth District  6 judges (1 presently sitting in Fourth District, 2 presently sitting in Second District, and 3 to be added)

(2) District realignment.

Full justification for the commission's recommendation concerning a new judicial district is contained in the commission's report, and the Court adopts by reference that justification as the basis for this certification. Contrary to the commission's recommendation, however, the Court recommends that the district which will encompass the lower gulf coast of Florida be denominated the Second District, and that the designation "Fifth District" be assigned to that district, stretching across the center of the state, which will be carved in part from the First, the present Second, and the Fourth districts. (Appended to this certification is a map showing the geographical areas to be encompassed within the recommended, realigned districts).
Principal among the reasons for the Court's departing from the designations assigned by the commission are (i) the fact that five of the seven judges of the present Second District Court of Appeal reside in *367 the lower gulf coast district and will thus remain as members of the court which bears the same name, (ii) the historic pattern of designating as the higher-numbered districts and circuits those geographic areas which are created from within larger geographic areas, and (iii) the ease of identifying the newly aligned districts by "reading" the state chronologically from its northwest corner down the west coast and then up the east coast.
The Court takes no position as to the location of a headquarters for either the realigned Second District or the Fifth District. The physical facility in Lakeland obviously commends itself as a headquarters for the Fifth District, but we consider the selection of a district headquarters to be a matter best suited for legislative determination.

CERTIFICATION
Therefore, in accordance with article V, section 9 of the Florida Constitution, we certify the need for ten additional district court of appeal judgeships, bringing to thirty-eight the total number of judges on the state's district courts of appeal, and we recommend that the state's judicial districts be realigned as follows:

First District: to contain all of the first, second, third, fourth, eighth, and fourteenth judicial circuits.

Second District: to contain all of the sixth, twelfth, thirteenth, and twentieth judicial circuits.

Third District: to contain all of the eleventh and sixteenth judicial circuits.

Fourth District: to contain all of the fifteenth, seventeenth, and nineteenth judicial circuits.

Fifth District: to contain all of the fifth, seventh, ninth, tenth, and eighteenth judicial circuits.
To implement these proposals, the Court certifies to the legislature the need to amend chapter 35, Florida Statutes (1977), to create a new district court of appeal by removing Marion County and the seventh circuit from the First District Court of Appeal, removing the ninth and eighteenth circuits from the Fourth District Court of Appeal, and placing those circuits in a new district. The newly created district should be designated the Fifth District; the remainder of the existing Second District should continue to be designated the Second District. As to judges currently residing in the realigned districts, no vacancies in office shall be deemed to occur by reason of the realignment of districts. Consequently, the five Second District judges residing in Hillsborough County shall remain judges of the Second District (which will encompass Hillsborough County); the two Second District judges residing in Polk County shall be judges of the new Fifth District (which will encompass Polk County); and the one Fourth District judge residing in Orange County shall be a judge of the new Fifth District (which will encompass Orange County).
We further certify that these judicial officers and the accompanying realignment of the state's judicial districts are necessary, and we recommend that the appropriate laws be enacted and funds provided so that these adjustments can be made effective July 1, 1979.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.

Appendix to follow.

*368 APPENDIX