PER CURIAM.
In the course of certifying the need for new judges in 1993, this Court requested the Court Statistics and Workload Committee with the assistance of the Office of the State Courts Administrator to study and make recommendations on how the Court might better evaluate requests for additional judge-ships. In re Certification of Judgeships, 611 So.2d 1244 (Fla.1993). In accordance with our request, the committee conducted a comprehensive inquiry into the subject and has recently published the results of its study in a Judicial Workload and Resource Study White Paper. Among the committee’s recommendations was the proposed revision of rule 2.035, Florida Rules of Judicial Administration, which sets forth the criteria to be considered by the Court in making its recommendations for new judgeships. The committee believes that its proposed rule more accurately reflects the appropriate criteria which should be employed.
The Court has considered the committee’s recommendation and considers it to be sound. Therefore, upon our own motion we hereby amend rule 2.035 in the manner set forth in Appendix A. The amended rule shall become effective on January 1, 1996. The Court wishes to thank the committee as well as the State Courts Administrator’s Office for their excellent work on this important topic.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.

APPENDIX A

RULE 2.035 DETERMINATION OF NEED FOR ADDITIONAL JUDGES
(a) Statement of Purpose. The purpose of this rule is to set forth uniform criteria used by the supreme court in determining the need for additional judges, except supreme court justices, and the necessity for decreasing the number of judges, and for increasing, decreasing, or redefining appellate districts and judicial circuits, pursuant to article V, section 9, Florida Constitution. The criteria set forth in this rule have been *219 identified and used by the supreme court in making this determination since- article — ⅜ was substantially-revised in 1972. in recent years. These criteria form the primary basis for our determination of need for additional judges. Unforeseen developments, however, may have an impact upon the judiciary resulting in needs which cannot be foreseen or predicted by statistical projections. This court, therefore, may also consider any additional information found by it to be relevant to the process. In establishing criteria for the need for additional appellate court judges, substantial reliance has been placed on the findings and recommendations of the Supreme Court Commission on Florida Appellate Court Structure. See In re Certificar tion, 370 So.2d 365 (Fla.1979).
(b) Criteria.

(1)Trial Courts.

(A) The following thresholds have been established based upon ©caseload statistics based upon-data supplied to the state courts administrator by the clerks of the circuit courts. Courts either at or projected to be at the thresholds are presumed to have a need for one or more additional judges. The thresholds are not an optimal level but reflect that the courts are operating above capacity.
fi) The circuit court threshold is 1,865 case filings per circuit judge. These case filings include circuit criminal (includes worthless checks), civil (includes habeas corpus), juvenile dependency and delinquency, domestic relations (including child support and URE-SA),- probate, guardianship, and mental health cases.
(ii) The county court threshold is 6,114 case filings per county judge. These case filings include criminal misdemeanor, county civil (including small claims and landlord-tenant), violations of county or municipal ordinances, DUI, and other criminal traffic cases; they do not include worthless check cases.
(B) Growth, nature, and.projections — of population within a particular — cour-fe jurisdiction- Other factors may be utilized in the determination of the need for one or more additional judges. These other factors may indicate that need for an additional judge(s) even though a court may not have achieved the presumptive threshold. Conversely, the absence of these other factors may mitigate the need for one or more additional judges. These other factors include:
lar- court’-s-jurisdiction
© County judge availability to serve and county judge service in circuit court.
(P)(ii) The use and availability of retired senior judges to serve on a particular court.
(ifi) The availability and use of supplemental hearing officers.
(iv) The extent of use of alternative dispute resolution.
(v) The number of jury trials.
(vi) Foreign language interpretations.
(E)-The — presence of non-lawyer county court-judges within a particular circuit-who by law cannot be-assigned to assist with the circuit court caseload.-
(F)(vii) The geographic size of a circuit, including travel times between courthouses in a particular jurisdiction.
(G) The presence of state-facilities and institutions in a particular-jurisdiction*
(H)(viii) Law enforcement activities in the court’s jurisdiction, including any substantial commitment of additional resources for state attorneys, public defenders, and local law enforcement.
(I) Time since-the -last-new judgeship-was authorized for the particular jurisdiction,
(ix) The availability and use of case-related support staff and case management policies and practices.
(J)(x) The nature and complexity of cases coming before the courts in the jurisdiction.
(xi) Caseload trends.
(K) Prior — certifications that were not authorized by the legislature*