PER CURIAM.
We have for consideration the quadrennial report of proposed rule changes filed by the Florida Bar’s Rules of Judicial Administration Committee (the Committee). We have jurisdiction. Art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.130(c).
The Rules Committee proposes changes to Florida Rules of Judicial Administration 2.020, 2.035, 2.060, 2.061, 2.070, 2.071, 2.130, and 2.140. The proposals were submitted to The Board of Governors of The Florida Bar, which recommends approval of all the proposals. The Committee’s proposals were published for comment and one comment was filed.
After considering the comment and hearing oral argument, we adopt the majority of the Rules Committee’s proposals. The amendments as adopted are summarized below.[1] The changes made to the Committee’s proposals are discussed where appropriate.
In rule 2.020(b), which defines “Local Court Rule,” new subdivision (b)(2) expands the definition to include “a rule that addresses other matters that are required by the Florida Constitution, general law, rules of court, or a supreme court opinion to be adopted by or in a local rule.”
In rule 2.035, “Determination of Need for Additional Judges,” subdivision (b)(l)(A)(i), which provides the criteria for determining the need for new trial judges, is amended to delete the reference to the Uniform Reciprocal Enforcement of Support Act, which was repealed effective July 1,1997.
In rule 2.060, “Attorneys,” subdivision (a) is amended to refer to new rule 2.061, which addresses practice by out-of-state attorneys. Subdivision (b), entitled “Foreign Attorneys,” has been removed from rule 2.060 and included, as revised in new rule 2.061.
New rule 2.061 provides the procedures whereby an attorney from another state may appear before a Florida court. The new rule replaces deleted rule 2.060(b) and is similar to proposed Rule Regulating The Florida Bar 1-3.10 which is pending before the Court. See Amendments to Rules Regulating The Florida Bar, No. SC00-273, — So.2d -, 2001 WL 101623 (Fla. petition filed Feb. 9, 2000). In response to the comment filed by attorney Henry Trawick, Jr., we have changed the title of this rule from “Attorneys Pro Hac Vice,” as proposed by the Committee, to “Foreign Attorneys,” as used in deleted rule 2.060(b). Also in response to Mr. Trawick’s comment, we have modified subdivision (a) to clarify that in determining whether to allow a foreign attorney to appear under the rule, the court may consider, among other things, information provided in the verified motion indicating that the attorney has been disciplined in another jurisdiction in the preceding five years or has disciplinary proceedings pending in another jurisdiction. See new rule 2.061(b)(3) (requiring an attorney to *820 include in verified motion a statement identifying all jurisdictions in which the attorney has been disciplined in the preceding five years or in which the attorney has pending disciplinary proceedings). Finally, we have changed the proposed language “No attorney may appear” in subdivision (a) to read “No attorney is authorized to appear.” This change is made in order to make clear that the disqualifying conditions listed in subdivision (a) are mandatory in nature.
In rule 2.070, “Court Reporting,” most of the amendments were originally adopted with new rules for certification and regulation of court reporters which were to become effective July 1, 2002. See Amendments to Florida Rule of Judicial Administration 2.070—Court Reporters, 725 So.2d 1094 (Fla.1998). However, the 2002 effective date for those rule changes was subject to legislative funding for the initial cost of implementing the certification program. When the program was not funded, the Court issued an order holding both the court reporter certification rules and the amendments at issue here in abeyance and sought comments from interested persons. See Amendments to Florida Rule of Judicial Administration 2.070—Court Reporters, No. 92,300 (Fla. order filed June 18, 1999). After considering the comments, the Court issued an order (1) continuing to hold the new rules and amendments in abeyance and (2) inviting the Rules Committee to resubmit the amendments that were not tied to the certification program with its regular-cycle proposed rule changes. See Amendments to Florida Rule of Judicial Administration 2.070—Court Reporters, No. 92,800 (Fla. order filed Dec. 7, 1999).
The amendments, as submitted by the Committee, primarily renumber and rearrange rule 2.070. The more significant changes include new subdivision (a), “Court Reporting Services,” which defines the term “court reporting” for the first time. Subdivision (e), “Videotaped and Non-Stenographic Depositions,” is deleted because Florida Rule of Civil Procedure 1.310(b)(4) provides procedures for the videotaping of depositions. New subdivision (g)(3), “Electronic Recording and Transcription of Proceedings Without Court Reporter,” authorizes the chief judge to enter a circuit-wide administrative order authorizing the electronic recording and transcription by persons other than court reporters of any proceedings that are otherwise required to be reported by a court reporter.
In rule 2.071, “Use of Communication Equipment,” subdivision (d) is amended to clarify procedures for taking testimony through the use of communication equipment. Subdivision (d)(1) is amended to allow, with the parties’ consent, anyone’s testimony to be taken through communication equipment. New subdivision (d)(2) puts the burden on the party seeking to present testimony through communication equipment to obtain the consent of all parties and to show good cause as to why such testimony should be allowed. New subdivision (d)(3) requires that the person administering the oath be physically present with the witness when the oath is being administered. New subdivision (d)(5) allows the court to modify the procedures to accommodate video conferencing or comparable two-way visual technology.
In rule 2.130, “Procedure for Amending Rules,” the notice provisions of subdivisions (a), (c)(5), (e), and (f) are expanded to implement recommendations made by the Judicial Management Council (JMC). Notice of hearing on a proposed rule change and a copy of the proposal or recommendation must be furnished to the affected committee chair, vice chair, the executive director of The Florida Bar, all members of the JMC, the clerk and chief judge of each judicial circuit, and any person who has filed a written request for a copy of the notice. The proposal and notice of hearing must be published on the Court’s and the Bar’s Internet websites, and in the Florida Bar Journal or Florida Bar News.
*821 Subdivision (c), entitled “Schedule for Rule Proposals,” is amended to provide for staggered two-year cycles for reporting proposed rule changes and to allow the Court more time to consider the proposals. Although the JMC recommended a one-year cycle for all rules, the Court asked the Rules Committee to consider a staggered two-year cycle, which the Committee supports. As recommended by the Committee, the first cycle will begin in 2002. The Appellate Court Rules Committee, the Criminal Procedure Rules Committee, the Code and Rules of Evidence Committee, the Juvenile Court Rules Committee, the Traffic Court Rules Committee, and the Workers’ Compensation Rules Committee will report in even-numbered years. The Civil Procedure Rules Committee, the Family Law Rules Committee, the Probate Rules Committee, the Rules of Judicial Administration Committee, and the Small Claims Rules Committee will report in odd-numbered years. The timetable for submitting proposals to the Board of Governors and to the Court also has been accelerated to provide for submission to the Court by February 1.
We decline to delete the requirement in subdivision (c) that the committees’ proposals be submitted to the Court in the form of a “report.” The Committee offers no explanation for its proposal to delete the reference to a “report,” and we believe that an extensive “report” of a committee’s proposed changes is necessary to a complete understanding of the proposals. Because our decision-making process depends on a thorough explanation of the proposals and the rationale for their adoption, we not only retain the reference to the “report” but also further amend subdivision (c)(4) to specify the information that must be included in the report.
In rule 2.140, “Judicial Discipline, Removal, Retirement, and Suspension,” new subdivision (c) addresses assessment of costs in Judicial Qualifications Commission proceedings. See In re Hapner, 737 So.2d 1075 (Fla.1999). The new subdivision is modeled in part after Rule Regulating the Florida Bar 3-7.6(o). The Court may award reasonable and necessary costs, including the costs of investigation and prosecution, to the prevailing party. Attorneys’ fees and travel expenses of JQC personnel cannot be included in an award of costs.
Accordingly, we amend the Rules of Judicial Administration as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2001, at 12:01 a.m.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

APPENDIX

RULE 2.020. DEFINITIONS
The following terms have the meanings shown as used in these rules:
(a) Court Rule: aA rule of practice or procedure adopted to facilitate the uniform conduct of litigation applicable to all proceedings, all parties, and all attorneys.
(b) Local Court Rule:
' (1) aA rule of practice or procedure for circuit or county application only that, because of local conditions, supplies an omission in or facilitates application of a rule of statewide application and does not conflict therewith.
(2) A rule that addresses other matters that are required by the Florida Constitution, general law, rules of court, or a supreme court opinion to be adopted by or in a local rule.
(c) Administrative Order: aA directive necessary to administer properly the court’s affairs but not inconsistent with the constitution or with court rules and admin *822 istrative orders entered by the supreme court.
RULE 2.035. DETERMINATION OF NEED FOR ADDITIONAL JUDGES
(a) Statement of Purpose. The purpose of this rule is to set forth uniform criteria used by the supreme court in determining the need for additional judges, except supreme court justices, and the necessity for decreasing the number of judges, and for increasing, decreasing, or redefining appellate districts and judicial circuits, pursuant to article V, section 9, Florida Constitution. The criteria set forth in this rule have been identified and used by the supreme court in making this determination in recent years. These criteria form the primary basis for our determination of need for additional judges. Unforeseen developments, however, may have an impact upon the judiciary resulting in needs which cannot be foreseen or' predicted by statistical projections. This court, therefore, may also- consider any additional information found by it to be relevant to the process. In establishing criteria for the need for additional appellate court judges, substantial reliance has been placed on the findings and recommendations of the Supreme Court Commission on Florida Appellate Court Structure. See In re Certification, 370 So.2d 365 (Fla.1979).
(b) Criteria.
(1) Trial Courts.
(A) The following thresholds have been established based upon caseload statistics supplied to the state courts administrator by the clerks of the circuit courts. Courts either at or projected to be at the thresholds are presumed to have a need for one or more additional judges. The thresholds are not an optimal level but reflect that the courts are operating above capacity.
(i)The circuit court threshold is 1,865 case filings per circuit judge. These case filings include circuit criminal (in-eludes worthless checks), civil (includes ha-beas corpus), juvenile dependency and delinquency, domestic relations (including child support — and—U-RESA), probate, guardianship, and mental health cases.
(ii)The county court threshold is 6,114 case filings per county judge. These case filings include criminal misdemeanor, county civil (including small claims and landlord-tenant), violations of county or municipal ordinances, DUI, and other criminal traffic cases; they do not include worthless check cases.
(B) Other factors may be utilized in the determination of the need for one or more additional judges. These other factors may indicate that need for an additional judge(s) even though a court may not have achieved the presumptive threshold. Conversely, the absence of these other factors may mitigate the need for one or more additional judges. These other factors include:
(i) County judge availability to serve and county judge service in circuit court.
(ii) The use and availability of senior judges to serve on a particular court.
(iii) The availability and use of supplemental hearing officers.
(iv) The extent of use of alternative dispute resolution.
(v) The number of jury trials.
(vi) Foreign language interpretations.
(vii) The geographic size of a circuit, including travel times between courthouses in a particular jurisdiction.
(viii) Law enforcement activities in the court’s jurisdiction, including any substantial commitment of additional resources for state attorneys, public defenders, and local law enforcement.
(ix) The availability and use of case-related support staff and case management policies and practices.
*823 (x) The nature and complexity of cases coming before the courts in the jurisdiction.
(xi) Caseload trends.

(2)District Courts of Appeal.

(A) Caseload statistics based upon data supplied to the state courts administrator by the clerks of the district courts of appeal. The court will presume that there is a need for an additional appellate court judgeship in any district for which a request is made and where current caseload filings reflect the need for an additional judgeship based on a primary caseload of 250 filings per judge.
(B) Any other factor deemed relevant by the court, including, but not limited to, those factors listed in (b)(1) for trial courts.
(c) Additional Workload Factors.
Because summary statistics reflective of the above criteria do not fully measure judicial workload, the supreme court will receive and consider, among other things, information about the time to perform and volume of the following activities, which also comprise the judicial workload of a particular jurisdiction:
(1) review appellate court decisions;
(2) research legal issues;
(3) review briefs and memoranda of law;
(4) participate in court conferences on pending cases;
(5) hear and dispose of motions;
(6) prepare correspondence, orders, judgments, and decisional opinions;
(7) review presentence investigative reports and predispositional reports in delinquency and dependency cases;
(8) review petitions and motions for post-conviction relief;
(9) perform administrative duties relating to the court;
(10) participate in meetings with those involved in the justice system; and
(11) participate in educational programs designed to increase the competency and efficiency of the judiciary.
(d) Certification Process. In order to gather information about these criteria and additional workload factors, the state courts administrator will distribute a compilation of summary statistics and projections to each chief judge at a time designated by the chief justice. Each chief judge will then consider these criteria, additional workload factors, and summary statistics, and submit to the chief justice a request for any increases or decreases under article V, section 9, of the Florida Constitution that the chief judge feels are required. The chief justice and the state courts administrator may then visit the chief judge and other representatives of the court submitting the request as well as representatives of The Florida Bar and the public to gather additional information and clarification about the need in the particular jurisdiction. The chief justice will submit recommendations to the supreme court, which will thereafter certify to the legislature its findings and recommendations concerning such need.
Court Commentary
1983 Adoption. Article V, section 9, of the Florida Constitution authorizes the establishment, by rule, of uniform criteria for the determination of the need for additional judges, except supreme court justices, the necessity for decreasing the number of judges and for increasing, decreasing, or redefining appellate districts and judicial circuits. Each year since the adoption of article V in 1972, this court, pursuant to section 9, has certified its determination of need to the legislature based upon factors and criteria set forth in our certification decisions. This rule is intended to set forth criteria and workload factors previously developed, adopted, and used in this certification process, as summarized and specifically set forth in In re Certificate of Judicial Manpower, 428 So.2d 229 (Fla. *824 1983); In re Certificate of Judicial Manpower, 396 So.2d 172 (Fla.1981); and In re Certification, 370 So.2d 365 (Fla.1979). RULE 2.060. ATTORNEYS
(a) Local AttorneysGenerally. Alpersons in good standing as members of The Florida Bar shall be permitted to practice in Florida. Attorneys of other states who are not members of The Florida Bar in good standing shall not engage in the practice of law in Florida except to the extent permitted by rule 2.061.
(b)-Foreign-^Attorneys, — Attorneys of other states shall not engage in a general practice-in ■ Florida- unl-ess-they-are-mem-bers of The Florida Bar in good-stand-in-g. Upon verified-motion filed — with—a^-eourt showing-that an attorney-ls- an active member-in-good-stasding of the bar of another state,.attorneys.of other- states-may.be permitted to appear in particular cases in a-Florida-cour-t. — A-mofion-for-permission to-appear shall be submitted with- or before the attorney’s initial personal- appearance,-paper, motion, or-pleading, — The motion shall state all jurisdictions in which the attorney is-an active - member-in good standing- of the bar— and — shall—state—the number-of -cases-in which- the attorney has Sed-a-motion for permission-to-appear-in -F-lorida-in-the-preceding-3-years-
(eb) Clerks and Secretaries Not to Practice. No one serving as a research aide or secretary to a justice or judge of any court shall practice as an attorney in any court or before any agency of government while continuing in that position, nor participate in any manner in any proceeding that was docketed in the court during the term of service or prior thereto.
(dc) Pleadings to Be Signed. Every pleading and other paper of a party represented by an attorney shall be signed by at least 1 attorney of record in that attorney’s individual name whose address, telephone number, including area code, and Florida Bar number shall be stated, and who shall be duly licensed to practice law in Florida or who shall have received permission to appear in the particular case as provided in s-ubdi-visiom-(-b)rule 2.061. The attorney may be required by the court to give the address of, and to vouch for the attorney’s authority to represent, the party. Except when otherwise specifically provided by an applicable rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by the attorney that the attorney has read the pleading or other paper; that to the best of the attorney’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or other paper had not been served.
(ed) Party Not Represented by Attorney to Sign. A party who is not represented by an attorney shall sign any pleading or other paper and state the party’s address and telephone number, including area code.
(£e) Form of Signature of Attorney, or Party, or Other Person.
(1) The signatures required on pleadings and papers by subdivisions (4c) and (ed) of this rule may be:
(A) original signatures;
(B) original signatures that have been reproduced by electronic means, such as on electronically transmitted documents or photocopied documents; or
(C) any other signature format authorized by general law, so long as the clerk where the proceeding is pending has the capability of receiving and has obtained approval from the Supreme Court of Florida to accept pleadings and papers with that signature format.
(2) An attorney, party, or other person who files a pleading or paper by electronic transmission that does not contain the original signature of that attorney, party, or other person shall file that identi *825 cal pleading or paper in paper form containing an original signature of that attorney, party, or other person (hereinafter called the follow-up filing) immediately thereafter. The follow-up filing is not required if the Supreme Court of Florida has entered an order directing the clerk of court to discontinue accepting the followup filing.
(gf) Attorney Not to Be Surety. No attorneys or other officers of court shall enter themselves or be taken as bail or surety in any proceeding in court.
(hg) Stipulations. No private agreement or consent between parties or their attorneys concerning the practice or procedure in an action shall be of any force unless the evidence of it is in writing, subscribed by the party or the party’s attorney against whom it is alleged. Parol agreements may be made before the court if promptly made a part of the record or incorporated in the stenographic notes of the proceedings, and agreements made at depositions that are incorporated in the transcript need not be signed when signing of the deposition is waived. This rule shall not apply to settlements or other substantive agreements.
(ih) Substitution of Attorneys. Attorneys for a party may be substituted at any time by order of court. No substitute attorney shall be permitted to appear in the absence of an order. The court may condition substitution upon payment of or security for the substituted attorney’s fee and expenses, or upon such other terms as may be just. The client shall be notified in advance of the proposed substitution and shall consent in writing to the substitution. The written consent shall be filed with the court.-
(j-i) Withdrawal of Attorney. An attorney shall not be permitted to withdraw from an action unless the withdrawal is approved by the court. The attorney shall file a motion for that purpose stating the reasons for withdrawal and the client’s address. A copy of the motion shall be served on the client and adverse parties. The motion shall be set for hearing and notice of hearing shall be served on the client and adverse parties.
(kj) Addition of Attorneys. After a proceeding has been filed in a court, additional attorneys may appear without securing permission of the court. All additional attorneys so appearing shall file a notice of appearance with the court and shall serve a copy of the notice of appearance on all parties in the proceeding.
(¿k) Law Student Participation. Eligible law students shall be permitted to participate as provided under the conditions of chapter 11 of the Rules Regulating The Florida Bar as amended from time to time.
(ml) Attorney as Agent of Client. In all matters concerning the prosecution or defense of any proceeding in the court, the attorney of record shall be the agent of the client, and any notice by or to the attorney or act by the attorney in the proceeding shall be accepted as the act of or notice to the client.
Commentary
1997 Amendment. Originally, the rule provided that the follow-up filing had to occur within ten days. In the 1997 amendment to the rule, that requirement was modified to provide that the follow-up filing must occur “immediately” after a document is electronically filed. The “immediately thereafter” language is consistent with language used in the rules of procedure where, in a somewhat analogous situation, the filing of a document may occur after service. See, e.g., Florida Rule of Civil Procedure 1.080(d) (“All original papers shall be filed with the court either before service or immediately thereafter.”) (emphasis added). “Immediately thereafter” has been interpreted to mean “filed with reasonable promptness.” Miami Transit Co. v. Ford, 155 So.2d 360 (Fla.1963).
*826 The use of the words “other person” in this rule is not meant to allow a nonlawyer to sign and file pleadings or other papers on behalf of another. Such conduct would constitute the unauthorized practice of law.
RULE 2.061. FOREIGN ATTORNEYS
(a) Eligibility. Upon filing a verified motion with the court showing that the attorney is an active member in good standing of the bar of another state, such an attorney may be permitted to appear in particular cases in a Florida court upon such conditions as the court may deem appropriate, provided that a member of The Florida Bar in good standing is associated as an attorney of record. In determining whether to permit a foreign attorney to appear pursuant to this rule, the court may consider, among other things, information provided under subdivision (b)(3) concerning discipline in other jurisdictions. No attorney is authorized to appear pursuant to this rule if the attorney (1)is a Florida resident; (2) is an inactive or suspended member of The Florida Bar, or has been disbarred or has received a disciplinary resignation from The Florida Bar; (3) has previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation permitted pursuant to this rule; or (4) is engaged in a “general practice” before Florida courts. For purposes of this rule, more than 3 appearances within a 365-day period in separate and unrelated representations shall be presumed to be a “general practice”; provided, however, that the court shall have discretion to allow other appearances upon a showing that the appearances are not a “general practice,” or that denial will work a substantial hardship on the client.
(b) Contents of Verified Motion. The verified motion required by subdivision (a) shall include:
(1) a statement identifying all .jurisdictions in which the attorney is an active member in good standing;
(2) a statement identifying by date, case name, and case number all other matters in Florida state courts in which pro hac vice admission has been sought in the preceding 5 years, and whether such admission was granted or denied;
(3) a statement identifying all jurisdictions in which the attorney has been disciplined in any manner in the preceding 5 years, or in which the attorney has pending any disciplinary proceeding, including the date of the disciplinary action, the nature of the violation, and the penalty imposed;
(4) a statement identifying the date on which the legal representation at issue commenced, and the party or parties represented;
(5) a statement that all applicable provisions of these rules and the Rules Regulating The Florida Bar have been read, and that the verified motion complies with those rules;
(6) the name, record bar address, and membership status of the Florida Bar member or members associated for purposes of the representation;
(7) a certificate indicating service of the verified motion upon all counsel of record in the matter in which leave to appear pro hac vice is sought; and
(8) a verification by the attorney seeking to appear pursuant to this rule and the signature of the Florida Bar member or members associated for purposes of the representation.
RULE 2.070. COURT REPORTING
(a) Court Reporting Services
(1)-The chief judge, after-eonsaltation with the circuit court and — county-court judges-in the circuit, shall enter an administrative order developing and implementing a circuit-wide plan for the -court-reporting of all proceedings required-to-be reported at public-e-xpense-using-either full or-part-time-courb-employees or independent contractors. — The-plan-shall-ensur-e that all court reporting services-are-pro *827 vided by qualified-persons. This plan may provide for multiple service delivery strategies if they-are-necessary to ensure the efficient provision of court reporting ser-
(2) Each circuit’s plan-for court reporting sendees shall be developed after consideration of guidelines issued by the Of-ficeof-the State Courts Administrator.
(a) Definition. “Court reporting;” means the act of making a verbatim record of the spoken word, whether by the use of written symbols, stenomask equipment, or electronic devices, in any proceedings pending in any of the courts of this state, including all discovery proceedings conducted in connection therewith, and all proceedings required by statute to be reported by a certified or official court reporter. It does not mean either the act of taking witness statements not intended for use in court as substantive evidence, or the act of electronic recording and transcription of proceedings as provided for in subdivision (g)(3).
(b) When Court Reporting Required. All criminal -and-juvenile proceedings, and any other judicial-proceedings required -by law or courtr-rule-to be reported at public expense, -shal-I-be reported. — Any proceeding shall be reported on the request of any party. The party so requesting shall pay the reporting fees, but this requirement shall not preclude the taxation of costs as authorized by law. — Testimony in grand jury proceedings shall be reported stenographically-or by an electronic' recording device. — Other parts of grand jury proceedings, including deliberations and ¥Oting--shall not be reported — No-transcription of-testimony may be made unless required by an order of a court of competent jurisdiction. — The stenographic records» electronic-recordings, and transcripts of grand jury proceedings shall be filed with the clerk-of-the court who shall keep them in a sealed container- not subject to public inspection-
(c) Record. When trial proceedings are being reported, no part of the proceedings shall be omitted unless all of the parties agree to do so and the court approves the agreement. When a deposition is being reported, no part of the proceedings shall be omitted unless all of the parties and the witness so agree. When a party or a witness seeks to terminate or suspend the taking of a deposition for the time necessary to seek a court order, the court reporter shall discontinue reporting the testimony of the witness.
(d) Electronic Reporting.
(1) A chief judge-who-dee-ms-it-appro-priate or necessary may include provisions in-the-plan-authorizing the use of electronic reporting for any-judicial-proceedings,Including depositions, required to be reported, — Appropriate procedures shall be prescribed-in-the-order which shall:
court’s support-personnel to ensure a reliable record of the proceedings;
(B) provide--a- -means -to — have-the recording-transcribed, either in whole or in part, when necessary-for-an-appeal -or-for further use in the trial court;-and
(C) provide-for-the-safekeeping of such recordings. — The- order shall be uniform in and for all-courts-throughout the territorial-jurisdiction of the judicial circuit and shall be recorded.-
(2) The- presiding judge in a specific case, howeverr-may require a stenographic reporter, if-available, or either party may provide-and pay for the cost-of-a- stenographic reporter. — Such.court reporter shall be subject to the orders of the-court and — directions to transcribe — the-reeor-d from all parties.
(e) Videotaped and Non-Stenographic Depositions. The judges of the circuit -by majority vote may adopt an administrative order governing the use of videotaped-de-pesitioas- and authorizing-that the testimony at a deposition be recorded by-other-than stenographic means for-use- in-any court proceedings. — The order' shall desig *828 nate the manner of recording, preserving, and filing-of-depositions, and may-include other- provisions to ensure that the-recorded testimony will-be-aeeurate and trustworthy. — The order shall, subject to the provisions-of-rale 1.280(c) of the Florida Rules of Civil Procedure, be automatically applicable upon the giving of notice-of .taking any videotaped or non-stenographie depositionr -but-may--be-modifíed by the presiding judge upon the application of any-party. — The-order shall be uniform in and for all courts throughout-the-territoHal jurisdiction of the judicial-eircult-and
(£d) Fees. The chief judge shall have the discretion to adopt an administrative order establishing maximum fees for court reporting services not covered in the plan adopted pursuant to subdivision (ag). Any such order must make a specific factual finding that the setting of such maximum fees is necessary to ensure access to the courts. Such finding shall include consideration of the number of court reporters in the county or circuit, any past history of fee schedules, and any other relevant fac-^ tors.
(ge) Transcripts. Transcripts of all judicial proceedings, including depositions, shall be uniform in and for all courts throughout the state. The form, size, spacing, and method of typing transcripts are as follows:
(1) All proceedings shall be typed or printed on paper 8-1/2 inches by 11 inches in size, prepared for binding at the top or on the left margin.
(2) All margins, measured from the edge of the paper, shall be no more than 1 inch from the top, no more than 1-1/8 inches at the left side and % inch at the right side for type or print of 9 characters to the inch, and no more than 1-8/4 inches at the left side and % inch at the right side for type or print of 10 characters to the inch.
(3) There shall be no fewer than 25 typed or printed lines per page and all typing or printing shall be double spaced, with all lines numbered 1 through 25, respectively, and with no more than a double space between paragraphs.
(4) Type size or print shall be pica or comparable type or print of no fewer than 9 or 10 characters to the inch.
(5) Colloquy material shall begin on the same line following the identification of the speaker, with no more than 2 spaces between the identification of the speaker and the commencement of the colloquy. The identification of the speaker in colloquy shall begin no more than 10 spaces from the left margin, and carry-over colloquy shall be indented no more than 5 spaces from the left margin.
(6) Each question and answer shall begin on a separate line no more than 5 spaces from the left margin with no more than 5 spaces from the “Q” or “A” to the text. Carry-over questions and answer lines shall be brought to the left margin.
(7) Quoted material shall begin no more than 10 spaces from the left margin with carry-over lines beginning no more than 10 spaces from the left margin.
(8) Indentations of no more than 10 spaces may be used for paragraphs, and all spaces on a line as herein provided shall be used unless the testimony of the speaker ends short of marginal requirements.
(9) One-line parentheticals may begin at any indentation. Parentheticals exceeding 1 line shall begin no more than 10 spaces from the left margin, with carryover lines being returned to the left margin.
(10) Individual volumes of a transcript, including depositions, shall be no more than 200 pages in length, inclusive of the index.
(11) Deviation from these standards shall not constitute grounds for limiting use of transcripts in the trial or appellate courts.
*829 (hf) Reporter as Officer of Court. A court reporter is an officer of the court for all purposes while acting as a reporter in a judicial proceeding or discovery proceeding. The court reporter shall comply with all rules and statutes governing the proceeding that are applicable to court reporters.
(g) Court Reporting Services Provided in Mental Health Proceedings or at Public Expense.
(1) When Reporting Required. All criminal and juvenile proceedings, and any other judicial proceedings required by law or court rule to be reported at public expense, shall be reported.
(2) Circuit Plan. The chief judge, after consultation with the circuit court and county court judges in the circuit, shall enter an administrative order developing and implementing a circuit-wide plan for the court reporting of all proceedings required to be reported at public expense using either full or part time court employees or independent contractors. The plan shall ensure that all court reporting services are provided by qualified persons. This plan may provide for multiple service delivery strategies if they are necessary to ensure the efficient provision of court reporting services. Each circuit’s plan for court reporting services shall be developed after consideration of guidelines issued by the Office of the State Courts Administrator.
(3) Electronic Recording and Transcription of Proceedings Without Court Reporters. A chief judge may enter a circuit-wide administrative order, which shall be recorded, authorizing the electronic recording and subsequent transcription by persons other than court reporters, of any judicial proceedings, including depositions, that are otherwise required to be reported by a court reporter. Appropriate procedures shall be prescribed in the order which shall:
(A) set forth responsibilities for the court’s support personnel to ensure a reliable record of the proceedings;
(B) provide a means to have the recording transcribed, either in whole or in part, when necessary for an appeal or for further use in the trial court; and
(C) provide for the safekeeping of such recordings.
The presiding judge in a specific case, however, may require a court reporter, if available, or either party may provide and pay for the cost of a court reporter. Such court reporter shall be subject to the orders of the court and directions to transcribe the record from all parties.
(4)Grand Jury Proceedings. Testimony in grand jury proceedings shall be reported by a court reporter, but shall not be transcribed unless required by order of court. Other parts of grand jury proceedings, including deliberations and voting, shall not be reported. The court reporter’s work product, including stenographic notes, electronic recordings, and transcripts, shall be filed with the clerk of the court under seal.
(ih) Court Reporting Services in Capital Cases. On or before January 1, 2001, the chief judge, after consultation with the circuit court judges in the circuit, shall enter an administrative order developing and implementing a circuit-wide plan for court reporting in all trials in which the state seeks the death penalty and in capital postconviction proceedings. The plan shall require the use of all measures necessary to expedite the preparation of the transcript, including but not limited to:
(1) where available, the use of a court reporter who has the capacity to provide real-time transcription of the proceedings;.
(2) if real-time transcription services are not available, the use of a computer-aided transcription qualified court reporter;
(3) the use of scopists, text editors, alternating court reporters, or other *830 means to expedite the finalization of the certified transcript; and
(4) the imposition of reasonable restrictions on work assignments by employee or contract court reporters to ensure that transcript production in capital cases is given a priority.
RULE 2.071. USE OF COMMUNICATION EQUIPMENT
(a) Definition. Communication equipment means a conference telephone or other electronic device that permits all those appearing or participating to hear and speak to each other, provided that all conversation of all parties is audible to all persons present.
(b) Use by all Parties. A county or circuit court judge may, upon the court’s own motion or upon the written request of a party, direct that communication equipment be used for a motion hearing, pretrial conference, or a status conference. A judge must give notice to the parties and consider any objections they may have to the use of communication equipment before directing that communication equipment be used. The decision to use communication equipment over the objection of parties will be in the sound discretion of the trial court, except as noted below.
(c) Use Only by Requesting Party. A county or circuit court judge may, upon the written request of a party upon reasonable notice to all other parties, permit a requesting party to participate through communication equipment in a scheduled motion hearing; however, any such request (except in criminal, delinquency, and appellate proceedings) must be granted, absent a showing of good cause to deny the same, where the hearing is set for not longer than 15 minutes.
(d) Testimony.
(1)Generally. A county or circuit court judge may, with-the- consent- ofif all the parties consent, direct-that-theallow testimony of a witnessto be taken through communication equipment.
(2) Procedure. Any party desiring to present testimony through communication equipment shall, prior to the hearing or trial at which the testimony is to be presented, contact all parties to determine whether each party consents to this form of testimony. The party seeking to present the testimony shall move for permission to present testimony through communication equipment, which motion shall set forth good cause as to why the testimony should be allowed in this form.
(3) Oath. Testimony may be taken through communication equipment only if a notary public or other person authorized to administer oaths in the witness’s jurisdiction is present with the witness and administers the oath consistent with the laws of the jurisdiction.
(4) Confrontation Rights. In juvenile and criminal proceedings the defendant must make an informed waiver of any confrontation rights that may be abridged by the use of communication equipment.
(5) Video Testimony. If the testimony to be presented utilizes video conferencing or comparable two-way visual capabilities, the court in its discretion may modify the procedures set forth in this rule to accommodate the technology utilized.
(e) Burden of Expense. The cost for the use of the communication equipment is the responsibility of the requesting party unless otherwise directed by the court.
(f) Petition to Override Family Violence Indicator. Communications equipment may be used for a hearing on a petition to override a family violence indicator under Florida Family Law Rule of Procedure 12.650.
RULE 2.130. PROCEDURE FOR AMENDING RULES
(a) Emergency Amendments. The supreme court, with or without notice, may change court rules at any time if an emergency exists that does not permit refer *831 ence to the appropriate committee of The Florida Bar for recommendations. If a change is made without reference to' the committee, the change may become effective immediately or at a future time. In either event, the court shall fix a date for further consideration of the change. Any person may file comments concerning the change, seeking its abrogation or a delay in the effective date. The court may allow oral argument in support of such comments by The Florida Bar, by its sections and committees, and by other bar associations. Notice of the hearing on the change and a copy of the change shall be furnished to the affected committee chair and vice chair, the executive director of The Florida Bar, all members of the Judicial Management Council, the clerk and chief judge of each district court of appeal, the clerk and chief judge of each judicial circuit, and any person who has asked in writing filed with the clerk of the supreme court for a copy of the notice. The change shall be published on the Internet websites of the supreme court and The Florida Bar, and in the Florida Bar Journal or Florida Bar News before the hearing. Notice of the hearing shall also be published on the Internet websites of the supreme court and The Florida Bar, and in the Florida Bar Journal or Florida Bar News.
(b) Amendments Generally. The following procedure shall be followed for consideration of rule amendments generally other than those adopted under subdivisions (a), (e), and (f):
(1) Proposals for court rules, amendments to them, or abrogation of them may be made by any person.
(2) Proposals shall be submitted to the clerk of the supreme court in writing and shall include a general description of the proposed rule change or a specified proposed change in content. The clerk of the supreme court shall refer proposals to the appropriate committee under subdivision (b)(3).
(3) The Florida Bar shall appoint the following committees to consider rule proposals: Civil Procedure Rules Committee, Criminal Procedure Rules Committee, Small Claims Rules Committee, Traffic Court Rules Committee, Appellate Court Rules Committee, Juvenile Court Rules Committee, Code and Rules of Evidence Committee, Rules of Judicial Administration Committee, Probate Rules Committee, Workers’ Compensation Rules Committee, and Family Law Rules Committee.
(4) Each committee shall be composed of attorneys and judges with extensive experience and training in the area of practice of the committee calling for regular, frequent use of the rules. The members of the committee shall serve for 3-year staggered terms. The president of The Florida Bar shall appoint the chair and vice chair of each committee.
(5) The Rules of Judicial Administration Committee shall also serve as a rules coordinating committee. Each rules committee shall have at least 1 of its members appointed to the Rules of Judicial Administration Committee to serve as liaison. All proposed rules changes shall be submitted to the Rules of Judicial Administration Committee, which shall then refer all proposed rales changes to those rules committees that might be affected by the proposed change. All proposed changes shall be submitted by June 30 of each year of the rules cycle.
(6) The committees shall consider and vote on each proposal. The committees may originate proposals and are charged with the duty of regular review and reevaluation of the rules to advance orderly and inexpensive procedures in the administration of justice. The committees may accept or reject proposed amendments or may amend proposals. The committees shall keep minutes of them activities, which minutes shall reflect the action taken on each proposal. Copies of the minutes shall be furnished to the clerk of the supreme court, to the board of governors of The Florida Bar, to the Supreme Court of *832 Florida, and to the proponent of any proposal considered at the meeting.
(c) Schedule for Rule Proposals.
(1) Each committee shall report all' proposed rule changes on a biannual basis (with the first cycle starting in 2002). Reports shall be made in even-numbered years by the Appellate Court Rules Committee, the Criminal Procedure Rules Committee, the Code and Rules of Evidence Committee, the Juvenile Court Rules Committee, the Traffic Court Rules Committee, and the Workers’ Compensation Rules Committee. Reports shall be made in odd-numbered years by the Civil Procedure Rules Committee, the Family Law Rules Committee, the Probate Rules Committee, the Rules of Judicial Administration Committee, and the Small Claims Rules Committee.
(12) Every 4 years nNo later than October 1 of the year prior to each reporting year or such other date as the board of governors of The Florida Bar may set (with-the first-cycle-staridng-in-lQSS-), each reporting committee shall reporisubmit all proposed rule changes to the board of governors with the committee’s final numerical voting record on each proposal.
(23) Every- 4.years--nNo later than ■MarchJanuary 1 of each reporting year, the board of governors shall consider the proposals and shall vote on each proposal to recommend acceptance, rejection, or amendment.
(34) Every 4 years nNo later than AprilFebruary 1 of each reporting year, each committee shall file a report of its proposed rule changes with the supreme court. Each committee may amend its recommendations to coincide with the recommendations of the board of governors or may decline to do so or may amend its recommendations in another manner. Any such amendments shall also be reported to the supreme court. The report shall include:
(A) a list of the proposed changes, together with a detailed explanation of each proposal;
(B) the final numerical voting record of the proposals in the committee and-;
(C) a report of the action and voting record of the board of governors-^
(D) any dissenting views of the committee and, if available, of the board; and
(E) an appendix containing a two-column chart setting forth the proposed changes in legislative format in the first column and a brief explanation of each change in the second column.
A clearly labeled computer diskette, in a format approved by the supreme court, containing the proposed rule changes in legislative format shall be filed with the report.
(46) The supreme court shall establish a date during the month of May or June of each reporting year for oral argument on the proposals. Notice of the hearing on the proposals and a copy of the proposals shall be furnished to the affected committee chair and vice chair, the executive director of The Florida Bar, all members of the Judicial Management Council, the clerk and chief judge of each district court of appeal, the clerk and chief judge of each judicial circuit, and any person who has asked in writing filed with the clerk of the supreme court for a copy of the notice. The recommendations or a resume of them shall be published on the Internet websites of the supreme court and The Florida Bar and in the Florida Bar Journal or Florida Bar News before the hearing. Notice of the hearing shall also be published on the Internet websites of the supreme court and The Florida Bar and in the Florida Bar Journal or Florida Bar News. Before the date of oral argument, any person may file comments concerning the proposals with the clerk of the supreme court. The supreme court may hear oral argument from any person and shall hear oral argument on behalf of The Florida Bar, any *833 bar association, and the affected committee.
(56) Orders of the supreme court on said proposals should be adopted in sufficient time to take effect on January 1 of the following-year following the reporting year. The supreme court may permit motions for rehearing to be filed on behalf of any person, The Florida Bar, any bar association, and the affected committee.
(d) Rejected Proposals. If a committee rejects a proposal, the proponent may submit the proposed rule to the board of governors and shall notify the chair and vice chair of the affected committee of the ■ submission of the proposed rule to the board of governors. Minority reports of committees are allowed and may be submitted to both the board of governors and the supreme court.
(e) Emergency Recommendation by Committee. If, in the opinion of a committee, a proposal is of an emergency nature, and the board of governors concurs, proposals may be made at any time to the supreme court. If the court agrees that an emergency exists, the court may set a time for oral argument and consideration of the proposal. Notice of the hearing on the proposals and a copy of the proposals shall be furnished to the affected committee chair and vice chair, the executive director of The Florida Bar, all members of the Judicial Management Council, the clerk and chief judge of each district court of appeal, the clerk and chief judge of each judicial circuit, and any person who has asked in writing filed with the clerk of the supreme court for a copy of the notice. The recommendations or a resume of them shall be published on the Internet websites of the supreme court and The Florida Bar, and in the Florida Bar Journal or Florida Bar News before the hearing. Notice of the hearing shall also be published on the Internet websites of the supreme court and The Florida Bar, and in the Florida Bar Journal or Florida Bar News.
(f) Request by Court. The supreme court may direct special consideration of a proposal at times other than those specified in this rule and may require a committee to report its recommendation with the recommendations of the board of governors. The supreme court may set oral argument on the report at any time. Notice of the hearing on the proposals and a copy of the proposals shall be furnished to the affected committee chair and vice chair, the executive director of The Florida Bar, all members of the Judicial Management Council, the clerk and chief judge of each district court of appeal, the clerk and chief judge of each judicial circuit, and any person who has asked in writing filed with the clerk of the supreme court for a copy of the notice. The recommendations or a resume of them shall be published on the Internet websites of the supreme court and The Florida Bar, and in the Florida Bar Journal or Florida Bar News before the hearing. Notice of the hearing shall also be published on the Internet websites of the supreme court and The Florida Bar, and in the Florida Bar Journal or Florida Bar News.
(g) Local Rules Proposed by Trial Courts. The foregoing procedure shall not apply to local rules proposed by a majority of circuit and county judges in the circuit. The chief justice of the supreme court may appoint a Local Rule Advisory Committee to consider and make recommendations to the court concerning local rules and administrative orders submitted pursuant to Florida Rule of Judicial
Committee Notes
1980 Amendment. Rule 2.130 is entirely rewritten to codify the procedures for changes to all Florida rules of procedure as set forth by this court in In re Rules of Court: Procedure for Consideration of Proposals Concerning Practice and Procedure, 276 So.2d 467 (Fla.1972), and to update those procedures based on current practice. The Supreme Court Rules Advisory Committee has been abolished, and *834 the Local Rules Advisory Committee has been established.
RULE 2.140. JUDICIAL DISCIPLINE, REMOVAL, RETIREMENT, AND SUSPENSION
(a) Filing. Any recommendations to the supreme court from the Judicial Qualifications Commission pursuant to article V, section 12, of the Florida Constitution shall be in writing. The original and 7 copies shall be filed with the clerk of the court, and a copy shall be served expeditiously on the justice or judge against whom action is sought.
(b) Procedure.
(1) Promptly upon
(2) The justice or judge may file a response in writing within the time set by the court in its order to show cause, and the commission «may serve a reply within 20 days from service of the response.
(8) If requested by the commission, or by a justice or judge at the time of filing a response, the court may allow oral argument on the commission’s recommendation.
(c) Costs. The supreme court may award reasonable and necessary costs, including costs of investigation and prosecution, to the prevailing party. Neither attorneys’ fees nor travel expenses of commission personnel shall be included in an award of costs. Taxable costs may include:
(1) court reporters’ fees, including per diem fees, deposition costs, and costs associated with the preparation of the transcript and record; and
(2) witness expenses, including travel and out-of-pocket expenses.

. The Rules Committee also recommends a number of technical changes which we do not discuss here.